[No 2170. Decided June 29, 1896.]

CHESTER THORNE et al., Appellants, v. RUSSELL T. JOY, Defendant, CLARK W. SPRAGUE et al., Respondents.

TRIAL BY COURT — SUFFICIENCY OF FINDINGS — WITNESSES — TRANS-ACTIONS WITH DECEDENTS — REOPENING CASE — EVIDENCE — PROOF AFFECTING WRITTEN INSTRUMENTS.

The fact that findings of fact made by the court are obscure, indefinite and uncertain, and do not set out the specific facts established by the proofs, cannot be urged as error, when the decree based thereon is one dismissing the action for the reason that plaintiffs had failed to make out a case

The rule excluding the testimony of an interested party in an action against the executor of a deceased person, will apply to one who has conveyed away his interest in the land which is the subject matter of the action by a deed absolute on its face but in reality only a mortgage, even though, for the purpose of rendering his testimony competent, he execute a release of his right to redeem.

Agreements and arrangements entered into with a deceased person cannot be given in evidence in an action against his executor by parties whose interests are adverse, even if competent as to another defendant in the action, when the relief sought against such other defendant is incidental to the principal object sought by the action against such executor, and when the court has not been sufficiently advised as to the restrictive purpose for which the evidence was offered.

It is within the discretion of the trial court to reopen the case for the introduction of additional testimony.

Where the object of an action is to affect a written instrument, only clear and satisfactory proof will justify a decree in favor of the plaintiffs.

Appeal from Superior Court, Pierce County.—Hon. W. H. Pritchard, Judge. Affirmed.

*Bogle & Richardson*, for appellants.

*Stiles & Stevens*, for respondents.

The opinion of the court was delivered by

Hoyt, C. J.—The object of this action was to have a certain mortgage which had been executed by the Tacoma Passenger and Baggage Transfer Company to secure an indebtedness of $18,000 to John W. Sprague, and which covered the real estate described in the pleadings, canceled by the executors of said Sprague, so far as it was a lien upon the interest of the plaintiffs in said real estate. It was also sought to have an accounting between the plaintiffs and defendant Clark W. Sprague, and a decree against him for such balance as might be found due plaintiffs on said accounting. Isaac W. Anderson was originally one of the plaintiffs, but upon proof that he had parted with all interest in the property by a conveyance to the National Bank of Commerce, the complaint was by order of the court amended by making such bank a co-plaintiff in lieu of said Anderson, and the case was dismissed as to him. The answer of Clark W. Sprague and that of the executors of the last will and testament of John W. Sprague put in issue the material allegations of the complaint.

Upon the trial of the issues thus made the court was of the opinion that the plaintiffs had failed to make out a case, and entered a decree dismissing the action. Before doing so it made certain findings of fact and conclusions of law, to which exceptions were duly taken by the plaintiffs, and the first alleged error relied upon for reversal is the insufficiency of these

findings of fact and conclusions of law; the claim being that said findings are obscure, uncertain and indefinite and do not set out the specific facts found to be established by the proofs. If the findings were to have been the basis of an affirmative decree they might have been insufficient, but a general finding to the effect that plaintiffs have failed to make out a case is sufficient foundation for a decree dismissing the action. Such a decree is warranted upon a failure to find by the court, and it is not necessarily founded upon any affirmative finding by it. If any findings at all were necessary in the case at bar those which were made were, in view of the decree that was entered thereon, amply sufficient.

The next complaint of appellants is that the court erroneously struck out the testimony of Isaac W. Anderson relating to transactions with John W. Sprague, whose executors were parties defendant in the action. Some criticism is made by appellants upon the form of the respondents' objection to the evidence of said Anderson, but in view of all the circumstances we think the mind of the court was sufficiently directed to the fact that their objection was founded upon the claim that he was incompetent to testify against the representatives of said John W. Sprague by reason of our statute relating to the competency of witnesses to testify as to transactions with the deceased person in an action to which his representatives are parties. It is further claimed that said Anderson was a competent witness by reason of the fact that he was not a party to the action, it having been dismissed as to him, and that he was not interested in the result thereof adversely to the representatives of said John W. Sprague. Elaborate argument

has been presented upon the subject of the competency of witnesses under statutes similar to ours, but the conclusion to which we have come as to the facts disclosed by the record makes it unnecessary for us to enter into any lengthy discussion of the questions presented in this argument. In our opinion, the undisputed proof showed that said Anderson was at the time of the trial interested in the result of the action adversely to the representatives of said Sprague. The circumstances surrounding the conveyance of his interest in the land covered by the mortgage were such that he had a right to redeem it upon payment of the amount due to his grantee, with interest thereon; and such being the fact, his conveyance under well settled rules amounted to no more than a mortgage, notwithstanding it was in the form of an absolute deed. For while it is no doubt true that a deed can be made to take effect as such even although there is a contemporaneous agreement for a reconveyance upon certain conditions, yet the general rule is that where a deed is made for the purpose of securing a debt, and is accompanied by a contemporaneous agreement that upon the payment of said debt and interest the property will be reconveyed, such deed is in legal effect only a mortgage; and there was nothing disclosed by the proofs which took the transaction under consideration out of such general rule. It follows that the court properly struck the testimony of said Isaac W. Anderson from the record, unless his release of his right to redeem made him a competent witness, and, under the circumstances, we think it did not.

The next alleged error is that the testimony of Thorne and Baker as to agreements and arrange-

ments entered into in November, 1891, when all the stockholders, including said John W. Sprague, were present, was improperly excluded; but in our opinion such testimony came directly within the provisions of our statute and was clearly incompetent when offered for the purpose of establishing a liability on the part of the representatives of said John W. Sprague. Nor was the exclusion of this testimony erroneous for the reason that it was competent against Clark W. Sprague and tended to prove the case alleged in the complaint against him. First, for the reason that the court was not sufficiently advised as to the restricted purpose for which it was offered; and second, the relief sought against Clark W. Sprague was incidental to the principal object sought by the action against the executors of the last will and testament of John W. Sprague.

The fourth error assigned grows out of the action of the court in re-opening the case after the trial had been closed and findings had been proposed, for the purpose of permitting respondents to introduce the Sprague mortgage. But, in our opinion, this action of the court was but a proper exercise of its discretion. Beside, it is difficult to see how the appellants were so affected by such action, even if erroneous, that they would be entitled to a reversal on account thereof.

There is a general claim on the part of the appellants that even without the testimony of Anderson there was sufficient proof to authorize such findings of fact in their favor that a decree in accordance with the prayer of the complaint could have been properly founded thereon. But after an examination of the record, we are satisfied with the conclusions reached by the trial court. The object of the action being to affect a written instrument, only clear and satisfactory proof would justify a decree in favor of the plaintiffs,

and the competent evidence introduced did not furnish such clear and satisfactory proof.

The judgment and decree will be affirmed.

SCOTT, DUNBAR, ANDERS and GORDON, JJ., concur.