<hr/>

[No. 2469. Decided February 15, 1897.]

OLYMPIA WATER WORKS, *Respondent*, v. GEORGE GELBACH, *Treasurer*, AND THURSTON COUNTY, *Appellants*.

TAXATION — FRAUDULENT EQUALIZATION — INJUNCTION — PLEADING — DEMURRER.

The action of a board of equalization in raising the assessment of personal property beyond what the evidence of the owner, upon a hearing before them, showed it to be worth, is not such fraud as will warrant injunctive relief through the courts, when it appears there was no intent to defraud on the part of the board, and that they were vested with the power and duty of placing such a value upon the property as they believed to be its just and true value.

A general allegation of fraud in a complaint is not admitted by a demurrer thereto, when the complaint itself, taken as a whole, negatives the idea of fraud.

Appeal from Superior Court, Thurston County.— Hon. T. M. REED, JR., Judge. Reversed.

*Milo A. Root*, for appellants.
*Haight & Owings*, for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—The plaintiff was the owner of certain water mains, pipes, engines, boilers, etc., as a part of its water system in the city of Olympia, at all times during 1895, and since. In that year said property was assessed as personal property by the county assessor at $16,000. The county board of equalization notified the plaintiff to appear and show cause why

such assessment should not be increased to $60,000. Plaintiff appeared before said board, submitted evidence and protested against any raise. Thereupon the board raised the assessment to $31,650, upon which amount public taxes were subsequently levied for that year. Plaintiff has paid such portion of said taxes as would be due upon an assessment of $16,000, but has refused to pay more, and brings this action to enjoin the county treasurer from distraining and selling its property to make the balance of said taxes, claiming that the action of the board of equalization was unwarranted and the tax consequently void. The defendants interposed a demurrer upon two grounds: (1) That the court had no jurisdiction of the subject matter; (2) that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and, defendants declining to plead further, judgment was entered for plaintiff as prayed for, and the defendants have appealed.

In a case heretofore decided by this court between the same parties (14 Wash. 268, 44 Pac. 267), brought for the purpose of reducing a previous assessment of the same property, it was held by a majority of the court that the action of the board of equalization was final and that no appeal would lie therefrom. The claim in the present case is based upon alleged fraudulent proceedings upon the part of the board. The complaint contains several allegations of fraud in general terms, but they are all based upon the act of the board in raising the assessment. It appears that after the notice was given, the board heard all of the testimony offered by the plaintiff, and, although all of this testimony showed that the property was of less value than that placed thereon by the assessor, and there was no conflicting evidence, the board saw fit to raise

it, and it is contended that the board had no authority to do this.

But it seems to us that the board were entitled to rely, in a measure, upon their own knowledge and judgment as to the value of the property, and were not bound by the testimony offered, nor to keep within the values placed thereon by the witnesses. After hearing all of the testimony, it was the duty of the board to place such a value upon the property as they believed to be its just and true value, as compared with the other property in the county. While the complaint contains the general allegation that the assessed value was increased with the intent to oppress and defraud the plaintiff, and while the general rule is that, upon demurrer, the allegations of the complaint are to be taken as true, yet it is evident that they must be reasonably interpreted, and the special allegations are controlled in a measure by the whole case presented; and it appears beyond controversy that, if there was any fraud in the premises, it consisted only in placing too high a valuation upon the property, not that the plaintiff was deprived of a hearing, or that the board refused to inform itself; and the complaint also contains the allegation that the members of the board at all times claimed and insisted that there was no intent to defraud, but that plaintiff's assessment as equalized was equal and uniform as compared with all other property in said county.

It is a well known fact that there is often a wide difference of opinion as to the values of property among persons acting honestly and endeavoring to get at the true value, and as this question must be settled somewhere, the law has reposed it in the board of equalization, and made their action final. The holding of the court in the former case that no appea would lie,

and that it was the intention of the law that the action
of the board should be final, practically deprives the
plaintiff of any remedy, so far as the particular act of
valuing the property is concerned.   It would be a use-
less purpose of the law to deprive parties of the right
to appeal, to the end that the action of the board in
such matters should be final, if the same parties have
a right to institute an independent action to try the
very matter which would be involved in the appeal.
The allegation that the board acted fraudulently can
give the case no better standing, when the only fraud
alleged goes to the valuation placed by the board upon
the property.   It may be that there can be such action
on the part of the board, fraudulent or otherwise, such
as refusing to hear testimony or depriving plaintiff of
notice, etc., as would warrant the interference of the
courts in some manner.   But there can be none where
the sole question presented is whether or not the board
acted under an honest belief in placing a value upon
the property, for this is a matter that would not be
susceptible of proof.   The fact that they placed a
higher valuation upon the property than the witnesses
placed upon it would not be conclusive evidence, un-
less perchance such an excessive value is fixed that
fraud must be conclusively presumed.

A number of cases heretofore decided by this court
have been called to our attention, but aside from
*Andrews v. King County*, 1 Wash. 46 ( 23 Pac. 409, 22
Am. St. Rep. 136 ), they relate to real estate, where a
different rule obtains, and that was an exceptional
case.   There a mortgage had been assessed as of the
value of $30,000, which was secured upon real estate
of the value of $2,000 only.   The mortgage was not
accompanied by any other evidence of indebtedness,
and the remedy of the mortgagee was confined to the

security only; consequently, the proof amounted to a demonstration that the value of the mortgage could be no greater than the conceded value of the lands upon which it was a lien.    There was absolutely no basis for placing any higher value thereon, and it was as strong a case as if $100 in legal tender money had been assessed as of the value of $500 in the same kind of money.    In such a case, where the proof amounts to a demonstration, we have no doubt of the power of the courts to grant relief.

But that is an entirely different case from the one presented here.    There was room in this case for the exercise of judgment, and it cannot be said that the value placed upon this property was so entirely beyond its actual value as to conclusively show fraud, and that the board did not exercise its honest belief. There is no way of showing the state of mind of each individual member of the board when putting a valuation upon the plaintiff's property.    But, even if there were, it certainly would not be a politic law that would afford a remedy in the courts in a case where the board was influenced by undue motives, and denying it in another where the board acting honestly should place too high a valuation upon property.    For if A's property is assessed at twice its actual value by the board acting under their honest judgment, and B's property is assessed at twice its value, but with a dishonest intent, the result to the parties is exactly the same, and, if B is to have a remedy, A should have one also.    When the majority of the court held that there was no appeal from the action of the board, the practical effect was to deny the remedy in both cases, and if one is to be provided it must be by legislation.

Reversed.

ANDERS, GORDON and REAVIS, JJ., concur.

DUNBAR, J. (*dissenting*).— I dissent.   I think the complaint alleged fraud, and the parties should have had an opportunity to prove their allegations.