[No. 2713. Decided January 3, 1898.]

JOHN NOYES *et ux.*, *Appellants* v. THE COUNTY OF KING *et al.*, *Respondents.*

TRIAL BY COURT — NECESSITY FOR FINDINGS — TAXATION — DESCRIPTION OF PREMISES — CONCLUSIVENESS OF VALUATION.

Special findings of fact by the court are unnecessary, when its decree is one dismissing the action.

The act of the assessor in describing certain property upon the assessment rolls, listed to a given property owner as "fractional lots 3 and 6 " in a certain named city addition, would not invalidate the assessment as misleading, though the property owner's lots were full and not fractional, if reference to the official plat would show that there were but one set of lots of such numbers in said addition.

Where there is not sufficient irregularity in the manner of assessing improvements on tide lands to render the assessment void, the valuation made by the assessor and approved by the board of equalization is conclusive.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Affirmed.

*R. B. Albertson,* and *George Donworth,* for appellants.

*James F. McElroy,* and *John K. Brown,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—Plaintiffs (appellants) seek to set aside and enjoin the collection of a portion of tax for the year 1895 standing on the assessment roll of King county. The tax

was levied upon property of plaintiffs described as fractional lots three and six of block " A " of A. A. Denny's Addition to the city of Seattle. Upon the city plat is found the description " Lots three and six of Block 'A' of A. A. Denny's Addition to Seattle." These lots as platted originally had a frontage of sixty feet on the west side of Front street and a depth of one hundred and twenty feet, running westerly from said street across the government meander line to an alley intersecting the block. The premises so platted are partly upland and partly tide land, and the tide land parcels are now embraced in the plat of the Seattle tide lands filed in the office of the board of state land commissioners on the fifteenth day of March, 1895. The portions of the original lots three and six below the meander line are respectively designated on the state plat as lots two and three of block 190 thereof, and are respectively identical therewith. Prior to 1895 the easterly nine feet of each of the original lots three and six were appropriated by the city as a part of Front street. At the time of the assessment now in question the upland part of lot three embraced less than one-third of the entire original area, and that of lot six less than one-fourth of the entire original area. The plaintiffs have been owners for more than five years of the upland portions of lots three and six, and also of all the improvements on the tide land portions thereof. The improvements consist of a four-story brick and stone building with two basements occupying the entire premises, including both the upland and tide land portions thereof, and running back from Front street to the alley, having a total frontage of one hundred and twenty feet and the uniform depth of one hundred and eleven feet.

On the twenty-seventh day of November, 1896, the plaintiffs having theretofore applied to the state authorities

for the purchase of tide land lots two and three of block 190, were awarded the preference right, and a contract for the purchase was entered into between the plaintiffs and the state. The assessor listed fractional lots three and six to the plaintiff John Noyes as the owner on the assessment roll for 1895, at a valuation of $21,000 upon each lot, and a valuation of $27,000 upon the improvements on each lot. No tide land property was listed on the assessment roll and on the face of the roll the assessment is fair and regular. No application was made to the board of equalization for the correction of any error in fixing the assessed valuation of the property assessed to plaintiffs and no application was made by plaintiffs to any officer or tribunal charged by law with the correction or review of assessments. Plaintiffs paid such portion of the tax as they deemed equitable and fully adequate to discharge the lien of the tax upon their property for the year 1895, being about one-half of the gross amount of the taxes as shown on the assessment roll. But the treasurer refused to enter the payment made by plaintiffs as in full payment and satisfaction of the taxes on the property, and credited the payment thereon as a partial one.

Plaintiffs complain that no findings of fact were filed in the cause by the superior court, but the record discloses that the decree was one dismissing the action. It was observed in *Thorne v. Joy*, 15 Wash. 83 (45 Pac. 642):

"If the findings were to have been the basis of an affirmative decree they might have been insufficient, but a general finding to the effect that plaintiffs have failed to make out a case is sufficient foundation for a decree dismissing the action. Such a decree is warranted upon a failure to find by the court, and it is not necessarily founded upon any affirmative finding by it."

Plaintiffs also contend that the description upon the assessment roll of their property is based upon the word

"fractional" preceding "lots three and six," when the official plat does not contain the word "fractional." But the description, as do most descriptions which designate official plats, must refer the one who seeks to find the property to an examination of the plat. One examining the plat here could not be misled as to the property. The ownership as well as the lots would have been found of record. The word "fractional" was evidently merely used by the assessor because of the fact that only a portion of these lots was then owned by plaintiff John Noyes. It is apparent that the assessor did not intend to include that portion of the lots which extended below the meander line in the valuation.

But two witnesses testified in the superior court. One of the deputy assessors testified as to the manner in which the valuation was made. It is apparent from his testimony that the honest judgment of the assessor was exercised in arriving at the value of the two lots and also of the improvements. Upon the question of valuation the law requires the honest exercise of judgment by the assessor, and it will not scrutinize closely the various elements of value which were taken into consideration by him, unless some of them were palpably misleading and arbitrary. One other witness testified and in his opinion varied the valuation of the assessor sufficiently to sustain the contention of plaintiffs as to the real value of the property assessed. But upon the testimony the superior court found adversely to plaintiffs, and we do not believe, under the settled practice in this court, that there is sufficient preponderance in favor of plaintiffs to disturb the finding of the superior court.

We do not think that sufficient irregularity in the manner of listing the personal property is shown to render its assessment void, and, if not void, the valuation of the personal property made by the assessor and approved by the

board of equalization is conclusive, as heretofore determined. *Olympia Waterworks v. Gelbach,* 16 Wash. 482 (48 Pac. 251); *Olympia Waterworks v. Thurston County,* 14 Wash. 268 (44 Pac. 267).

The judgment of the superior court must be affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.