[Nos. 3102, 3103, 3291, 3292. Decided February 15, 1900.]

EDISON ELECTRIC ILLUMINATING COMPANY, *Appellant,*
v. SPOKANE COUNTY *et al., Respondents.*

SPOKANE STREET RAILWAY COMPANY, *Appellant,* v.
SPOKANE COUNTY, *Respondent.*

SPOKANE STREET RAILWAY COMPANY, *Appellant,* v.
L. C. GEMMELL *et al., Respondents.*

EDISON ELECTRIC ILLUMINATING COMPANY, *Appellant,*
v. L. C. GEMMELL *et al., Respondents.*

TAXATION—CORPORATE FRANCHISES.

Corporate franchises are taxable under the laws of this state.

SAME—ASSESSMENT—VALUATION.

The law having confided to the taxing officers authority to determine values, it is only when such officers act maliciously or fraudulently, or without affording the property owner an opportunity to be heard, that their conclusion as to values will be disturbed.

SAME—ACTION OF BOARD OF EQUALIZATION.

Where a board of equalization has received all the evidence offered by a property owner complaining of an assessment, it cannot be held to have arbitrarily refused to receive testimony

from the fact that an offer on the part of the plaintiff to have one of its officers sworn was not passed upon by the board, when such officer was permitted to present his views along with others on the value of the property assessed.

SAME.

A corporation cannot claim that its corporate franchise was assessed without notice by the assessor and the board of equalization, when the assessor, before returning the assessment roll, had written in the column entitled "Other Property" the word "franchise," without changing the aggregate amount of the assessment; and from the further fact that the corporation had knowledge that its franchise was listed for assessment, when before the board seeking a reduction of the valuation of its property.

Appeal from Superior Court, Spokane County.—Hon. William E. Richardson, Judge. ˙ Affirmed.

*Thomas C. Griffitts* and *Stephens & Bunn,* for appellants.

*James Z. Moore,* Prosecuting Attorney, *John B. Hess* and *Harris Baldwin,* for respondents.

The opinion of the court was delivered by

Gordon, C. J.—Each of the foregoing cases presents the same questions, and, by the terms of a stipulation which has been entered into, the cases are consolidated and considered as one. The purpose of the several actions is to restrain the county authorities of Spokane county from collecting the taxes levied against the personal property and franchises of the plaintiffs, based upon the assessment for the year 1897. The grounds upon which relief is sought are that the assessments were excessive and greatly disproportionate to the values of other properties, and in assessing the properties of the plaintiffs the assessor of the county acted maliciously, and that thereafter the county board of equalization maliciously and wrongfully refused to consider the assessments or to receive testimony

thereon, and arbitrarily entered an order sustaining the assessments. At the time of the commencement of the actions, plaintiffs tendered to the treasurer amounts which were alleged to be sufficient to cover all taxes legally assessable against their properties, and have kept these tenders good. The trial court found that the allegations were not supported by the evidence, and that the evidence did not establish the right of the plaintiffs to the relief asked for, or to any other relief. The plaintiffs have appealed.

One of the principal grounds argued for reversal is that franchises are not taxable under the laws of this state, and a very great portion of the briefs is devoted to the discussion of this question; but since the preparation of these briefs that question has been passed upon by this court in *Commercial Electric Light & Power Company v. Judson,* 21 Wash. 49 (56 Pac. 830), wherein it was held that franchises were assessable.

Another contention of the appellants is that the board of equalization arbitrarily refused to receive testimony offered by the plaintiffs in support of their applications for the reduction of the assessments. An examination of the record has convinced us that this contention cannot be sustained. It appears that in support of their applications for reduction the plaintiffs and their counsel repeatedly appeared before the board of equalization, and were afforded a full hearing. The board also received the affidavit of the treasurer of one of the plaintiffs, and permitted their counsel to address them, and in other ways received all the information that was tendered. It is true that an offer on the part of one of the plaintiffs to have one of its officers sworn was not passed upon by the board, but such officer was permitted to present his views, along with the other parties who professed to have any knowledge of the values of the properties which were the subject of assessment, and we are satisfied that the plaintiffs cannot justly

complain of the treatment which they were accorded by that board. For the reversal of these judgments, it is not enough that we should be of the opinion that the assessments were in excess of the true values of the properties. The question of value is largely one of opinion, and in cases like the present the law has confided to the taxing officers authority to determine values. It is only when the board acts maliciously or fraudulently, or without affording the property owner an opportunity to be heard, that their conclusion as to values will be disturbed.

In the cases at bar the contention of the plaintiffs is that the assessments for the year 1897 should have been no greater than those of previous years. But there was evidence tending to show that their receipts for that year were greatly in excess of those of previous years, and, as heretofore stated, the question of values is largely a matter of opinion; and in the present instance we are unable to find that the board acted maliciously, fraudulently, arbitrarily, or oppressively.

Still another contention is that the board of equalization, without any notice to plaintiffs, assessed their corporate franchises. There are several reasons why this contention cannot be sustained. In the first place, we are convinced that the assessor's return was not changed by the board of equalization, and in the return made by the assessor the franchises were assessed. It is true, there was some slight evidence offered tending to show that the roll was changed by the assessor after its delivery, but the weight of the evidence is the other way, and the only change made—and that was by the assessor prior to the return of the roll—was the insertion of the word "franchise" in the column entitled "Other Property"; and this, at most, was an immaterial change, made at a time when the assessor might lawfully make it, and the aggregate amount of the assessment remained unchanged.

And still another reason may be found in the fact that the plaintiffs had knowledge of the change—if, indeed, one had been made—prior to the adjournment of the board of equalization, and during the times that they were before the board upon their applications for reductions.

We think there is nothing in the claim that they have been assessed for the privilege of occupying and using the streets of the city, and, upon the entire record, our conclusion is that the superior court did not err, and its judgment will be affirmed.

DUNBAR, FULLERTON and REAVIS, JJ., concur.