[No. 3650.    Decided June 29, 1901.]

ELLA A. TEMPLETON, *Respondent*, v. PIERCE COUNTY *et al., Appellants.*

TAXATION — EXCESSIVE VALUATION — RELIEF IN EQUITY — FRAUD.

There is no ground for relief in equity against an excessive valuation of property by the assessor for taxation, where the assessor has exercised an honest judgment, and no fraud or arbitrary or capricious action in making the assessment is shown or can be presumed, and where the property, even if overvalued, is assessed in the same proportion as other like property within the jurisdiction of the assessing officer.

SAME — EVIDENCE OF FRAUD — CHANGE BY ASSESSOR OF VALUATION REPORTED BY DEPUTIES.

The mere fact that the assessor revised and adjusted in his office the valuations placed upon property by his deputies is not evidence of fraud, in the absence of a showing that he was not familiar with the value of the property, the presumption, on' the contrary, being that he did his duty when he made out and certified the assessment as finally returned.

Appeal from Superior Court, Pierce County.—Hon. JAMES A. WILLIAMSON, Judge. Reversed.

*Fremont Campbell,* Prosecuting Attorney, for appellants.

*John P. Hartman,* for respondent.

PER CURIAM.—This is an action in which it is alleged that certain property known as the "Meeker Homestead," in Puyallup, Pierce county, was listed on the tax rolls of Pierce county for the year 1894 at $10,240, being $5,240 in excess of its true value; for the years 1895 and 1896 at $10,500, being $5,500 in excess of its true value; for the years 1897 and 1898 at $8,700, being $3,700 in excess of its true value. The valuation is alleged to have been made by the assessor. There was no application to the board of

equalization for a reduction of the assessment. Tender of the amount of taxes claimed to be justly due is pleaded. The prayer is that the court decree the amount of taxes the plaintiff should equitably pay, and for a cancellation of the excess, and such relief as equity should demand. The finding of the court is to the effect that for the years 1894, 1895, and 1896 the property "was illegally and unjustly listed and valued upon the tax rolls" at $10,500, which was $5,000 in excess of the true value; that for the years 1897 and 1898 the property "was illegally and unjustly listed and valued upon the tax rolls at the sum of $8,700, which was $3,200 in excess of the true value." The court placed the value of the property at $5,500 for each year, and decreed a payment of taxes on that basis. The mere overvaluation of property by the assessor, if he acts in good faith, and in the honest exercise of his judgment, furnishes no ground for relief in equity. For excessive assessments, unless fraud is established by the proof, or may be presumed from the circumstances, equity furnishes no relief, and the remedy must be such as the statute has given. Cooley, Taxation, 775; 2 Desty, Taxation, 655. This is the general rule, and we think the decisions of this court are in harmony with the same. In *Andrews v. King County,* 1 Wash. 56 (23 Pac. 409, 22 Am. St. Rep. 136), the court says:

"We think the uniform ruling of the higher courts has been that, while equity will not interfere to correct mere mistakes or inadvertences, or to contravene or set aside the judgments of assessors or boards of equalization in relation to values, it will interfere when the officers fraudulently, capriciously, or tyrannically refuse to exercise their judgment by adopting a rule or system of valuation designed to operate unequally, and to violate a fundamental principle of the constitution."

In the case of *Whatcom County v. Fairhaven Land Co.,*

7 Wash. 102 (34 Pac. 563), it seems to have been conceded that property of the actual value of $193,451 was assessed at $409,081. There was also evidence tending to show that the assessor had set down arbitrarily values in his office, without examination, inquiry, or knowledge of the condition, situation, or circumstance of the subject-matter. The assessment was a great deal higher proportionately than the valuation of other similar property in the county. While the court in that case said that there was not evidence to establish constructive fraud, and decided the case as "one of palpably excessive overvaluation," yet the facts of the case disclose that the arbitrary acts of the assessor, and the disproportionate valuation of the property, as well as the palpably excessive overvaluation, were the considerations moving the court to hold the assessment illegal. From the facts in the case, as disclosed in the opinion, fraud on the part of the assessor might have been inferred, although the court said there was not sufficient evidence to establish constructive fraud. The question as to the illegality of the assessment arose in a direct proceeding to enforce the collection of the tax. *Benn v. Chehalis County,* 11 Wash. 135 (39 Pac. 365), was a case decided on a demurrer to the complaint. The complaint alleged that the assessor had valued the property without viewing it; that the value placed upon it was double the actual value. Assessing property without any knowledge of its value would be an arbitrary assessment, and it is clear from the opinion that the court considered the assessment for that reason illegal. That case was decided on the facts conceded by the demurrer. In *Olympia Water Works v. Gelbach,* 16 Wash. 482 (48 Pac. 251), the board of equalization increased the assessed valuation. The court says:

"It is a well-known fact that there is often a wide differ-

ence of opinion as to the values of property among persons acting honestly and endeavoring to get at the true value, and, as this question must be settled somewhere, the law has reposed it in the board of equalization, and made their action final. . . . It may be that there can be such action on the part of the board, fraudulent or otherwise,— such as refusing to hear testimony or depriving plaintiff of notice, etc.,—as would warrant the interference of the courts in some manner. But there can be none where the sole question presented is whether or not the board acted under an honest belief in placing a value upon the property, for this is a matter that would not be susceptible of proof. The fact that they placed a higher valuation upon the property than the witnesses placed upon it would not be conclusive evidence, unless perchance such an excessive value is fixed that fraud must be conclusively presumed."

In *Knapp v. King County,* 17 Wash. 568 (50 Pac. 480), where lots were assessed at $20 and $10 a lot, and the value was not to exceed $2 per lot, and the court found that the lots were assessed arbitrarily, and without regard to actual value, relief was granted. The court, in its opinion, said:

"The arbitrary assessment of property without the exercise of the assessor's judgment, based upon knowledge or information, is an illegal assessment, and is a fraud upon the property owner."

In the case of *Baker v. King County,* 17 Wash. 623 (50 Pac. 481), which was an assessment of personal property, the court held that, in the absence of fraud or malice, the action of the assessor and the board of equalization was final as to the assessment. In *Noyes v. King County,* 18 Wash. 420 (51 Pac. 1052), the court says:

"It is apparent from his testimony that the honest judgment of the assessor was exercised in arriving at the value of the two lots, and also of the improvements. Upon the question of valuation the law requires the honest exercise of judgment by the assessor, and it will not scrutinize

closely the various elements of value which were taken into consideration by him, unless some of them were palpably misleading and arbitrary."

In *Landes Estate Co. v. Clallam County*, 19 Wash. 570 (53 Pac. 670),—a case where it was claimed that the land had been fraudulently assessed at an exorbitant valuation, and the finding of the court was that the assessment was fraudulent,—this court says:

"We fully concur in the appellant's argument to the effect that an assessment ought not to be interfered with unless a substantial overvaluation is clearly established."

In *Edison Electric Illuminating Co. v. Spokane County*, 22 Wash. 168 (60 Pac. 132),—a case where the ground upon which relief was sought was that the assessment was excessive, and greatly in disproportion to the value of other property, and the board of equalization acted maliciously, and wrongfully refused to receive testimony,—the court says:

"The question of value is largely one of opinion, and in cases like the present the law has confided to the taxing officers authority to determine values. It is only when the board acts maliciously or fraudulently, or without affording the property owner an opportunity to be heard, that their conclusion as to values will be disturbed."

These decisions may be summarized as follows: Fraud on the part of the assessing officer may be presumed from a palpably excessive or exorbitant overvaluation. The court will grant relief for an arbitrary, fraudulent, or malicious excessive valuation by the assessing officer. Where the assessing officer has exercised an honest judgment, and no fraud or arbitrary or capricious action in making the assessment is shown or can be presumed, the court will not interfere. Where it appears that the assessing officer endeavored honestly to get at the true value, and there is an honest difference of opinion as to

the value, the judgment of the officer is conclusive. If property, even if overvalued, is assessed in the same proportion as other like property within the jurisdiction of the assessing officer, and the system of valuation adopted operates equally on all other property, the constitutional provision as to uniformity of taxation is complied with. There is no proof to support findings that the assessment in the case under consideration was fraudulent, capricious, or arbitrary. There is no proof of actual fraud upon the part of the assessing officer and board of equalization, and none can be inferred from the facts in the case. There was no finding of fraud by the court. The evidence shows a wide divergence of honest opinion as to the value of the property, ranging from $4,000 to $15,000. The character of the property itself shows that one might reasonably conclude that it was of the value placed upon it by the assessor and the board of equalization. There is no showing that it was assessed disproportionately from other property, and, when the attempt was made by the defendant to show that it was not disproportionately assessed, objection was made by the plaintiff. Under such circumstances we must presume that other property of like character was assessed in the same proportion. The assessor and board of equalization act in a *quasi* judicial capacity in making or equalizing assessments. The law presumes that they have performed their duty in a proper manner. Where the rights of the public require it, the presumption in favor of due performance is liberal, and the evidence to overthrow it must be clear. *Kimball v. School District,* 23 Wash. 520 (63 Pac. 213). The conclusion reached by the court below excludes the effect of this presumption, and the honest diversity of opinion as to the value of the property. As we have seen, mere excess in valuation, in the opinion of the court, unless it furnishes conclusive

presumption of fraud, does not authorize the interference of the court. Courts cannot convert themselves into assessors for purposes of taxation, and reassess in every case where the assessor has erred in his judgment as to the value of the property. The board of equalization is created for that purpose. The evidence in this case fails to show actual fraud on the part of the assessing officer, or facts from which fraud might be presumed. The mere fact, as testified to by the witnesses Wilson and Stewart, that the work of the deputy assessor was gone over in the office of the assessor, and finally adjusted by the assessor, even though he raised the values put upon the property by his deputies, is no evidence of fraud. There is no showing that the assessor was not familiar with the value of the property. He may have had actual knowledge, as much so as the deputy. As we have said, the presumption is that he did his duty when he made out and certified the assessment as finally returned. This presumption is not to be overcome by surmises.

We have not deemed it necessary to pass upon the sufficiency of the complaint, laches, tender, etc. We have decided the case on the broad grounds that the testimony shows no reason for the interference of a court to set aside the judgment of the assessing officers in placing a valuation on the property in controversy. For that reason the judgment and decree of the lower court are reversed and set aside, and this action is remanded, with instructions to dismiss the same at plaintiff's costs.