[No. 11810.  Department Two.  June 27, 1914.]

JOSIAH COLLINS, *Appellant*, v. KING COUNTY *et al.*,
*Respondents.*[1]

TAXATION— ASSESSMENTS — EXCESSIVENESS — COMPLAINT — SUFFI-
CIENCY.  A complaint to secure a reduction of taxes upon city prop-
erty, alleging that the same was assessed more proportionately than
other business property upon another street, is insufficient where it
does not allege that the valuation is in excess of the reasonable
cash value of the property, nor that the same is assessed more than
like property in the immediate vicinity upon the same street.

TAXATION—REDUCTION OF TAX—FRAUD.  There is no such dis-
parity between the actual and assessed value of property as to give a
right to a reduction of taxes on the ground of fraud, where appel-
lant alleged the value fixed by the assessor to be $33,712, but that
the actual value did not exceed $30,000; since the courts will not
interfere to correct errors in judgment as to valuation, in the ab-
sence of evidence of fraud.

Appeal from a judgment of the superior court for King
county, Smith, J., entered August 21, 1913, dismissing an
action to secure a reduction of taxes, upon sustaining a de-
murrer to the complaint.  Affirmed.

*Hastings & Stedman*, for appellant.

*Samuel Morrison* and *John F. Murphy*, for respondents.

MORRIS, J.—The lower court sustained a demurrer to the
appellant's complaint in which he sought a reduction of taxes
for the year 1912, and he appeals.

The only question here is the sufficiency of the complaint,
which alleges, that the appellant is the owner of a certain lot
improved with a two-story and basement reinforced concrete
building, fronting upon Second avenue south, Seattle; that
the county assessor, following an established custom of valu-
ing real property for assessment purposes, had fixed the rea-
sonable cash value of appellant's property, exclusive of im-

[1]Reported in 141 Pac. 305.

provements, at the sum of $90,000 for the year 1911, and the assessed value at $40,500; that for the year 1912 the assessor had increased the reasonable cash value of the same property to the sum of $120,000, and the assessable value to the sum of $54,000; that, for the same year, the reasonable cash value of the building had been fixed by the assessor at the sum of $33,712, and the assessed value at the sum of $15,-170; when, as a matter of fact, the reasonable cash value of the building did not exceed the sum of $30,000, and the assessed value the sum of $13,500; that the reasonable rental value of the ground floor of the building during the year 1912 was the sum of $6,000, which is not more than twenty-five per cent of the rental income of property on Second avenue between Pike street and Yesler way in the same city; that the value fixed by the assessor for 1912 upon appellant's property is about fifty-four per cent of the values placed upon other properties fronting on Second avenue between Pike street and Yesler way, which properties are the most valuable properties in the city of Seattle; that the result of the assessor's act in raising the assessment for the year 1912 is to consume forty per cent of the gross rental value of appellant's property, while the assessment upon the properties on Second avenue between Pike street and Yesler way consumes but twenty-five per cent of the rental income of the first floors of the buildings so located. Then follows an allegation that the appellant's property is inequitably and excessively assessed, and that the assessor acted arbitrarily in raising the values in 1912. The last allegation is, of course, the legal conclusion of the pleader, based upon the facts preceding it.

The complaint does not show that the assessment is not uniform or proportionate to the assessment of adjacent property, nor that, as compared with such property, the assessor has capriciously or arbitrarily determined the real and assessed value of appellant's property. Neither does it allege that the valuation of $120,000 as made up in 1912 is not

the reasonable cash value of the property. It is not a sufficient showing of arbitrariness or fraud to compare appellant's property below Yesler way with the properties between Pike street and Yesler way, as to their rental values or the relation between their rental income and assessed valuation. Many proper considerations might determine the rental value of property on Second avenue between Yesler way and Pike street that do not enter into the rental value of property on Second avenue south, and the showing of such values of such properties is not a showing of actual or constructive fraud. We have held in *Case v. San Juan County*, 59 Wash. 222, 109 Pac. 809, and other cases, that, where there is a great disparity between the actual and assessed value, it is evidence of constructive fraud. But it does not seem to us that this rule is properly applicable here under appellant's allegation that the assessor fixed the value of his building at $33,712, when its actual value did not exceed $30,000.

It was early held by this court in *Andrews v. King County*, 1 Wash. 46, 23 Pac. 409, 22 Am. St. 136, that courts of equity will not interfere to correct errors in judgment as to valuation, as "value is a matter of opinion, and when the law has provided officers upon whom the duty is imposed to make the valuation, it is the opinion of those officers to which the interests of the parties are referred." And before it can be held that the valuation of the proper assessing officer is not conclusive, there must be some showing that the assessment is not the exercise of the assessor's judgment, but is the result of a rule or system of valuation designed to operate unequally and to violate the fundamental principles upon which such assessment should be based. This may be done by either showing fraud and arbitrariness in fact, or by alleging conduct on the part of the assessor the effect of which would be fraud in law. When the assessor takes the property of any taxpayer and gives to it a value much greater in proportion to its real value than other like property of other taxpayers, such act is of itself fraud in law; but there is no showing in

this complaint that such an act has been done. The complaint makes no attempt to compare the assessment of appellant with the assessment of other like property similarily situated, but makes its only comparison between the rental and assessed value of appellant's property on Second avenue south and the rental and assessed value of property on Second avenue between Pike street and Yesler way, which is not like property similarily situated.

The complaint, in our opinion, fails to state a cause of action, and the judgment is affirmed.

CROW, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.