[No. 17567.    Department Two.    March 9, 1923.]

R. M. KINNEAR, *as Executor etc., et al., Appellants,* v. KING COUNTY, *Respondent.*[1]

TAXATION (59, 210)—VALUATION OF PROPERTY—EXCESSIVE ASSESS-MENT—UNIFORMITY—EVIDENCE—SUFFICIENCY.    The testimony of experts fixing a maximum value of real property at $57,000, does not show that an assessment for taxation in the sum of $125,400 is constructively fraudulent or excessive, in the absence of allegation or proof of a lack of uniformity as to like property in the district.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 8, 1922, upon granting a nonsuit, dismissing an action to secure a reduction of taxes.    Affirmed.

*Shorett, McLaren & Shorett* and *Edward R. Taylor,* for appellants.

*Malcolm Douglas* and *Ewing D. Colvin,* for respondent.

PEMBERTON, J.—Appellants instituted this action for the purpose of obtaining relief from an alleged excessive valuation for taxation purposes placed upon certain real property owned by them in the city of Seattle for the year 1920.    They allege that, in the year 1920, the taxing officials of King county, disregarding their official duty, made for assessment purposes an arbitrary valuation of the property, actuated by an alleged necessity of raising a given amount of revenue, and in doing so valued the property of appellants at two or three times the valuation permitted by statute. Appellants made a tender to the county treasurer of the taxes calculated on what they claim is the true basis, together with interest, and the tender was refused.    At the trial the appellant introduced testimony

[1] Reported in 213 Pac. 472.

of a number of representative real estate dealers in the city of Seattle who were well acquainted with the values of the property in question. The total maximum value of the property placed by the real estate men was in the amount of $67,000, while the value placed upon the property by the county was $125,400, the assessed valuation being fifty per cent of that value.

At the conclusion of the appellants' case, the respondent moved for a dismissal, which motion was granted and judgment of dismissal entered, from which judgment appellants have appealed.

It is appellants' contention that the trial court erred in dismissing the action and refusing certain offered testimony on the part of appellants.

Rem. 1915 Code, § 9112 (Rem. Comp. Stat., § 11121), provides:

"All property shall be assessed at not to exceed fifty per cent of its true and fair value in money. In determining the true and fair value of real or personal property, the assessor shall not adopt a lower or different standard of value because the same is to serve as a basis of taxation; nor shall he adopt as a criterion of value the price for which the said property would sell at auction, or at a forced sale, or in the aggregate with all the property in the town or district; but he shall value each article or description of property by itself, and at such sum or price as he believes the same to be fairly worth in money at the time such assessment is made. The true cash value of property shall be that value at which the property would be taken in payment of a just debt from a solvent debtor."

Appellants contend they are entitled to relief upon showing that the valuation placed by the assessor is far in excess of the true value, and that such an assessment constitutes constructive fraud, relying on the following cases: *First Thought Gold Mines v. Stevens County,* 91 Wash. 437, 157 Pac. 1080; *Grays Harbor*

*Construction Co. v. Grays Harbor County,* 99 Wash. 184, 168 Pac. 1138; *Northern Pac. R. Co. v. Benton County,* 87 Wash. 534, 151 Pac. 1123; *East Aberdeen Land Co. v. Grays Harbor County,* 102 Wash. 172, 172 Pac. 876; *Titlow v. Pierce County,* 108 Wash. 633, 185 Pac. 575; *Metropolitan Building Co. v. King County,* 64 Wash. 615, 117 Pac. 495; *Northern Pac. R. Co. v. State,* 84 Wash. 510, 147 Pac. 45, Ann. Cas. 1916E 1166; *Finch v. Grays Harbor County,* 121 Wash. 486, 209 Pac. 833.

The respondent contends that a mere overvaluation, if not in excess of the value put upon like property similarly situated, is not enough to warrant the interposition of a court of equity.

In the case of *First Thought Gold Mines v. Stevens County, supra,* the court said:

"It is the established law in this state that courts will grant relief from a grossly inequitable and palpably excessive over-valuation of real property for taxation as constructively fraudulent, even though the assessing officers may have proceeded in good faith, and this without regard to the action of the board of equalization."

In that case, however, property for mining purposes had been practically exhausted and the assessed valuation was reduced to that of a mere prospective mine.

In the case of *Grays Harbor Construction Co. v. Grays Harbor County, supra,* the county placed a valuation of $35,000 on the property in question. The court reduced the valuation to $10,000. In that case the assessed valuation had been more than doubled without showing any reason therefor except that the assessor had the impression that the property was held for sale at $50,000, and it was partly upon this supposition that the assessment was made.

In the case of *Northern Pac. R. Co. v. Benton County,* *supra,* the court said:

"The record will not sustain the application of the rule of these cases. It falls rather within the rule that a valuation for the purposes of assessment may be so grossly in excess of the fair cash value that it will not be sustained as a fair assessment whatever the valuation of other property may be."

The trial court in that case held that there was no possible comparison of values, but the supreme court said:

"We think the court overlooked the fact that a value for grazing was actually proved. All witnesses agree that the land is no more than desert grazing land. It is not necessary to the fixation of a value for taxation that there be a sale or market value, either of the particular land or as compared with other lands. Lands must be assessed, although there be no sale or market value. Of course, sale or market value of lands comparatively situated are to be considered, but in the absence of a showing of such value, the law is that fair cash value is to be determined by reference to the value it will sustain upon a rental basis. But, granting the premise of the court, there is some basis for comparison."

In the case of *East Aberdeen Land Co. v. Grays Harbor County, supra,* the assessment on the property had been increased three hundred per cent in some cases and more than eight hundred per cent in other cases, without there being any testimony tending in any way to show that there had been an increase in the value of the land.

In the case of *Titlow v. Pierce County, supra,* it appeared that the county officials had placed what they called a minimum valuation upon the property. The court said:

"The showing that a minimum valuation had been placed upon all outlying platted property is a showing

of something that the law does not sanction. The assessment is to be made upon the fair cash market value, and the establishment of a minimum for all property regardless of its actual value is an arbitrary assessment which cannot stand.''

The finding in that case was also to the effect that:

''The testimony further shows that the same kind of property, but unplatted, on the four sides of appellants' lots was assessed only from one-fourth to one-seventh as much per acre as were the appellants,'' showing that the question of uniformity was one of the principles considered in that case.

The case of *Metropolitan Building Co. v. King County, supra,* cited by appellant, involved the assessment of a leasehold interest, and the valuation fixed by the witnesses ranged from nothing to as high as $800,000. This, however, was not the assessment of real property, and it was very difficult to determine its value because there was no like property similarly situated.

Article 7, § 2, of the constitution of the state of Washington, so far as is applicable to this case, reads as follows:

''The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money, and shall prescribe such regulations by general law as shall secure a just valuation for taxation of all property, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property . . . .''

In the case of *Templeton v. Pierce County,* 25 Wash. 377, 65 Pac. 553, we said:

''The mere over-valuation of property by the assessor, if he acts in good faith, and in the honest exercise of his judgment, furnishes no ground for relief in equity . . . .

"Where the assessing officer has exercised an honest judgment, and no fraud or arbitrary or capricious action in making the assessment is shown or can be presumed, the court will not interfere. Where it appears that the assessing officer endeavored honestly to get at the true value, and there is an honest difference of opinion as to the value, the judgment of the officer is conclusive. If property, even if over-valued, is assessed in the same proportion as other like property within the jurisdiction of the assessing officer, and the system of valuation adopted operates equally on all other property, the constitutional provision as to uniformity of taxation is complied with. . . . The evidence shows a wide divergence of honest opinion as to the value of the property, . . . Courts cannot convert themselves into assessors for purposes of taxation, and reassess in every case where the assessor has erred in his judgment as to the value of the property. The board of equalization is created for that purpose."

In the case of *Olympia Water Works v. Gelbach*, 16 Wash. 482, 48 Pac. 251, we said:

"It is a well known fact that there is often a wide difference of opinion as to the values of property among persons acting honestly and endeavoring to get at the true value, and as this question must be settled somewhere, the law has reposed it in the board of equalization, and made their action final. . . . It may be that there can be such action on the part of the board, fraudulent or otherwise, such as refusing to hear testimony or depriving plaintiff of notice, etc., as would warrant the interference of the courts in some manner. But there can be none where the sole question presented is whether or not the board acted under an honest belief in placing a value upon the property, for this is a matter that would not be susceptible of proof. The fact that they placed a higher valuation upon the property than the witnesses placed upon it would not be conclusive evidence, unless perchance such an excessive value is fixed that fraud must be conclusively presumed."

In the case of *Edison Electric Illuminating Co. v. Spokane County*, 22 Wash. 168, 60 Pac. 132, the court said:

"The question of value is largely one of opinion, and in cases like the present the law has confided to the taxing officers authority to determine values. It is only when the board acts maliciously or fraudulently, or without affording the property owner an opportunity to be heard, that their conclusion as to values will be disturbed."

In the case of *Collins v. King County*, 80 Wash. 251, 141 Pac. 305, a demurrer to the complaint was sustained, and this court said:

"The complaint does not show that the assessment is not uniform or proportionate to the assessment of adjacent property, nor that, as compared with such property, the assessor has capriciously or arbitrarily determined the real and assessed value of appellant's property."

While, under some of the authorities cited by appellant, it might seem that palpable excessive over-valuation of real property for taxation might be considered by the court as constructively fraudulent and relief be granted therefrom, we are satisfied, however, that in this case the appellants should also show that there is a lack of uniformity in the assessment of the property of appellants when compared with other like property similarly situated. To hold otherwise would transfer to the courts, already burdened with litigation, the duties of the assessor and the board of equalization, the officials under the laws of this state authorized to determine the assessed valuation of property for the purposes of taxation.

Since the complaint fails to allege, and there is no evidence to show, that there is a lack of uniformity in the assessment of the property of appellants when com-

pared with other vacant property in the district, and it being admitted that the property of appellants has not been over-valued when compared with other property in the district, the judgment of the trial court in dismissing the action will be affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PARKER, JJ., concur.