[No. 21611.  Department One.  July 19, 1929.]

*In the Matter of the Assessment of Timber in*
Jefferson County.

Merrill & Ring Logging Company et al., *Appellants,*
v. Tax Commission of the State of Washington
et al., *Respondents,* Western Forest
Corporation et al., *Defendants.*[1]

*Trumbull, Severyns & Trumbull,* for appellants.
*Poe, Falknor, Falknor & Emory,* for respondents.

Fullerton, J.—This appeal involves the validity of
an order of the state tax commission fixing the values,
for the purpose of taxation, of certain timber lands
in Jefferson county.

It may aid to an understanding of the controversy
if some preliminary statement is made as to the gen-

¹Reported in 279 Pac. 392.

eral situation. Jefferson county lies between the waters of Puget sound on the east and the waters of the Pacific ocean on the west. Extending north and south through the middle of the county is the Olympic mountain range, which has been set apart by the national government as a forest reserve. This reserve approximates thirty miles in width, and none of the land therein is privately owned or subject to taxation. Practically, the effect of the reserve is to divide the county into two separate and distinct parts. These parts are referred to in the record as eastern Jefferson county and western Jefferson county. The marketable timber on each of the parts consists of Douglas fir, white fir, cedar, spruce and hemlock.

The county assessor of Jefferson county, in fixing the value of the timber lands for assessment purposes, used the timber thereon as the measure of value. For the eastern part of the county, he used a valuation of two dollars per thousand feet, without regard to varieties, and in the western part, he used a valuation of ninety cents per thousand feet for fir, cedar and spruce, and a valuation of thirty-five cents per thousand feet for hemlock. These valuations, it will be understood, are valuations for assessment purposes, which, by the terms of the statute, is fifty per cent of the actual value of the property.

When the assessment roll of the assessor was submitted to the county board of equalization, persons owning timber lands from both divisions of the county appeared before the board, protesting that the assessments on their lands were excessive. Those from the western part, in addition to claiming that the assessment was excessive, further protested on the ground that the relative valuations were unequal, in that the lands in the western part of the county were assessed at a higher value proportionately than the same char-

acter of land lying in the eastern part of the county was assessed. The board reduced the assessment on certain of the tracts lying in the eastern part, but refused to make any changes in the remainder. An appeal from the findings and conclusion of the board was thereupon taken to the tax commission of the state of Washington. The commission, at the hearing had on the appeal, examined generally into the values placed upon timber lands in the county for assessment purposes. The protestants were called and sworn, together with a number of disinterested witnesses, and all of the testimony taken was reduced to writing. At the conclusion of the hearing, the commission made findings of fact and entered an order in accordance therewith; the pertinent part of the order being as follows:

"WHEREFORE, IT IS HEREBY ORDERED, that the assessed valuations for the year 1926, of all timber upon lands in Jefferson county lying east of Range 4, West W. M. and east of the Olympic forest reserve, be and the same hereby are fixed by the tax commission of the state of Washington, as follows, to wit:

"All fir, cedar and spruce upon Sections 5 to 8, inclusive, 17 to 20, inclusive, and 29 to 32, inclusive, of Township 28, Range 1 West W. M., at the rate of $1.35 per thousand feet, and all fir, cedar and spruce upon each and every section of Township 28 Range 2 West W. M., at the rate of $1.35 per thousand feet.

"All fir, cedar and spruce timber elsewhere in said territory, except that hereinafter excepted, at the rate of $1.25 per thousand feet.

"All hemlock and species of timber other than fir, cedar and spruce within said territory, at the rate of 55 cents per thousand feet.

"IT IS FURTHER ORDERED, That the assessed valuations for the year 1926, of the timber of the R. V. Whiteside Timber Company; the other appellants herein and other like timber situated in Western Jefferson county, be and the same hereby are fixed as follows, to wit:

"Fir, cedar and spruce,—Rate of 80 cents per thousand feet.

"Hemlock and all other species,—Rate of 30 cents per thousand feet.

"IT IS FURTHER ORDERED, that the provisions of the foregoing orders do not and shall not apply to or affect fir, cedar and spruce timber in eastern Jefferson county, the assessed values of which were fixed by the county assessor and returned to the board of equalization of Jefferson county at rates less than $1.25 per thousand feet, which assessed values, so fixed and returned, are hereby approved and affirmed."

The protestants owning timber lands lying in the western part of the county, pursuant to § 7, of ch. 18, of the Laws of 1925, p. 38 (Rem. Comp. Stat., §§ 11087-7), appealed to the superior court of Jefferson county from the order of the commission. The matter was heard in that court on the evidence taken and transcribed by the commission, and resulted in a judgment affirming the order. The appeal before us is from the judgment of the superior court.

The appellants, in their arguments in this court, do not so much complain of the values placed upon their properties, as they do of the ratio of values fixed by the tax commission between the two sections of the county; contending that either theirs should be lowered or the other raised. They say, in substance, that all of the timber in the eastern part of the county is adjacent to the waters of Puget sound, with its numerous safe harbors and bays to facilitate logging operations and delivery to market; that the market for the logs lies within a short and safe tow; that the topography of the country is such as to make for economical logging operations; that the stand of timber consists of ninety-two per cent Douglas fir, the most valuable species of timber, with only eight per cent of spruce, cedar and hemlock; and that the county cruise shows

that this timber averages 42,000 feet per acre. That the eastern part of the county is the populated and improved portion of the county, with numerous state and county highways and railroad facilities; that numerous logging operations of an extensive character are now, and for years past have been, carried on within this timbered area. That, on the other hand, the western part of the county is still a wilderness; that it borders on the Pacific ocean and is wholly without harbors or the possibility of water transportation; that it has no highways or railroads; that the population is so sparse as to be negligible; that there is no market nearer than Grays Harbor and this market would not be available without a railroad, and would involve an average haul of approximately seventy-five miles; that the timber stand averages about 26,000 feet to the acre, which is approximately sixty per cent of the density of the stand in the eastern part of the county; and that approximately eighty per cent of the stand in western Jefferson county is hemlock and white fir, the cheapest and least valuable species, with twenty per cent of fir, spruce and cedar.

The evidence in some degree supports the appellants' view of the situation, and, undoubtedly, the conditions recited are to be taken into view in fixing the valuation of timber lands of the county for taxation purposes. But, as we read the record, the tax commission did not overlook them. The evidence now before the court was all before them, and there is nothing to indicate that the conclusions drawn therefrom were the result of any other consideration than a careful and dispassionate review of the evidence. Stated in a converse way, there is no evidence showing arbitrary or capricious action on the part of the assessing officers, nor anything to indicate that they proceeded on a fundamentally wrong basis in making the assessment.

Our rule heretofore has been that some one or more of these conditions must appear before the courts will interfere with the actions of the assessing officers; in other words, that the courts will not interfere because of a mere difference of opinion as to values. *Weyerhaeuser Timber Co. v. Pierce County,* 97 Wash. 534, 167 Pac. 35; *Kinnear v. King County,* 124 Wash. 102, 213 Pac. 472. Since we find no arbitrary or capricious action, the question would seem to be concluded against the appellants.

It is contended, however, that, since the statute hereinbefore cited gives to a taxpayer feeling himself aggrieved by the action of the tax commission the right to a direct appeal therefrom to the courts, and provides that the court may "make such order as in its judgment is just and proper" in the premises, the rule is necessarily modified, and that the court may review the order of the commission in the manner and for the causes it will review the judgment of any inferior court. But, taking this view of the principle involved, we see no cause for modifying the order of the commission. While there is undoubtedly a difference in value between the same classes of timber lands lying in the eastern part of the county and those lying in its western part, the amount of the difference is a question of fact on which the opinion of the assessing officers is not to be lightly regarded. That the commission made a substantial difference in fixing the values, the order of the commission shows, and an examination of the evidence does not convince us that their conclusion is contrary to the weight of the evidence.

The judgment appealed from is affirmed.

MITCHELL, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.