EX REL. ATTORNEY GENERAL v. SUPERVISORS OF SANILAC COUNTY.

*Affidavits to show cause—Tax valuation—Equalization—Supervisors.*

*It seems* that affidavits in answer to an order to show cause cannot be assumed to be evasive, and if so in fact, the respondent will be bound by them according to the interpretation evidently intended.

Petitions for the reduction of the valuations of townships cannot be regarded by the supervisors in the assessment of taxes.

The equalization of valuations for taxation is a political duty, and the power to equalize is exclusive in the supervisors.

MANDAMUS. Submitted Oct. 28. Denied Oct. 29.

Attorney General *Otto Kirchner, Charles R. Brown* and *Charles A. Kent* for the writ.

*Alfred Russell* against.

PER CURIAM. This is an application to compel the respondents to observe the law in equalizing the valuation of their respective townships for the purposes of a levy of State and county taxes for the year. The application makes a strong showing that in making their assessments a few of the supervisors had obeyed the law and assessed property at its cash value, while the

others had refused. In response to an order to show cause, the several supervisors who were accused of having made assessments at a fraction only of what they believed to be the real cash value, have come in with affidavits in which they say that they "estimated" the property at its cash value. It is objected to these affidavits that they are evasive, and that it is consistent with them that after having "estimated" the value, they proceeded to set down on their roll, according to a very reprehensible and law-defying custom prevailing in some quarters, only a fraction of the estimated value. A majority of the court are of opinion, however, that they cannot assume the affidavits to be evasive, and that if they are so in fact, the supervisors would be held to the truth of their affidavits according to the interpretation they evidently meant the court to put upon them. If the affidavits are false in that interpretation, the supervisors could not be heard to say that while meaning to have the affidavits understood in one sense, they swore to them in another.

We shall be compelled, therefore, to deny the application. It may be proper to add that the petitions to themselves from tax-payers for the reduction of valuations of townships, which the supervisors present with their return, have no business in the case. The subject is not one for petitions. The law points out a plain duty to be performed by the supervisors on their judgment, and they disobey the law if they permit their action to be influenced by petitions or solicitations.

In what we have said, it is not to be understood that we assume any authority to revise the action of the supervisors in equalizing. The duty in that regard is political, and the power is exclusive. The only question that these papers present is whether the supervisors have refused to perform their duty under the law; and when we find that the refusal is not established, we have no occasion to look further.