REBECCA WILLIAMS v. ISAAC P. MEARS AND WILLIAM HARRIS.

*Taxation—Equalization by board of supervisors by uniform reduction of one half from value of property—Or assessment by supervisors on like agreed basis—Will not invalidate tax deed—Township taxes—Failure of town records to show vote by electors or town board of any sum for township purposes renders tax levy therefor invalid—No presumption arises that such vote was taken—Auditing claims by town board for previous year aggregating about the amount levied has no tendency to support the tax.*

1. Proof of the equalization by the board of supervisors of the assessment rolls of a county, on the basis of a uniform reduction of fifty per cent. from the true value of the property assessed, or of an assessment, by a general understanding among the supervisors, on a like basis, was properly excluded on the trial of an ejectment suit when offered to invalidate a tax deed under which the defendant claimed title. Such equalization or assessment would not injuriously affect the tax, because the proportionate burden would remain the same on all tax-payers.

2. Where the records of a township fail to show that any sum was voted ·by the electors or town board for *township purposes* for a given year, the levy of a tax therefor is illegal, no presumption arising that such vote was had or taken. The fact that during the preceding year the town board audited claims against the township aggregating about the amount levied, has no tendency to support such a levy, and proof of such fact is inadmissible in a suit involving the validity of a tax deed based in part thereon.

Error to Monroe. (Joslyn, J.) Argued April 15, 1886. Decided April 22, 1886.

Ejectment. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*E. Baldwin* and *Ira G. Humphrey*, for appellant.

*Burton Parker*, for defendants.

CHAMPLIN, J. Plaintiff brought ejectment to recover two parcels of land situated in the township of Bedford, in the county of Monroe.

On the trial she introduced deeds showing a chain of title from the United States to plaintiff before the commencement of suit.

The defense relied on was a deed from the Auditor General of the State of Michigan, executed in 1869, upon a sale of delinquent taxes for the year 1866 assessed upon the lands in question.

In order to prove that the taxes for the year 1866 were illegal, the plaintiff placed upon the stand one Michael Phaelon, who testified that he was a supervisor, in 1866, of the second ward of the city of Monroe. Counsel for plaintiff then offered to show by this witness that, by a general understanding of the supervisors, the valuation or equalization in the year 1866 was fifty per cent. of the true valuation of the property, which offer the court denied, and plaintiff's counsel excepted.

The proffered proof was properly rejected. The offer was ambiguous. If it referred to an equalization by the board of supervisors, the only body at that time authorized to equalize the assessment rolls of the several towns, if established by proof, the result would not injuriously affect the tax, because, if the reduction was uniform, the proportionate burden would be the same. And such would be the case, also, if all the supervisors in the county agreed that they would assess property uniformly at fifty per cent. of its value.

Counsel for plaintiff suggests in his brief that, inasmuch as the board of supervisors can only equalize the valuation of the real estate, if the valuation was increased by the board, that then the real estate would have to bear an increased burden by reason of the personal estate being assessed at one-half its value. But nothing in this record shows that the township of Bedford had an increased valuation laid upon it when equalized by the board. Indeed, the record is silent as to there having been any personal property assessed in the town. The testimony of this witness was properly excluded.

Plaintiff's counsel introduced in evidence the book of records of the township of Bedford, purporting to contain the records of the proceedings of the township meetings and

doings of the township board from April 1, 1850, to March 28, 1876, to prove that no tax for township purposes had been voted for the year 1866. He also introduced testimony tending to show that there was spread upon the assessment roll of the township for the year 1866, for township purposes, $276, and the same being ordered *pro rata* upon all the several valuations of property on said roll, including the premises in question, and for which the same was returned and sold.

After the counsel for plaintiff again rested his case, the court suggested to defendants' attorney that, "if there appears on the record accounts audited by the town board between March, 1865, and November, 1866, of an amount near to the $264 raised for township purposes, I shall hold that the supervisor might assess it in 1866 without a vote of the board." Thereupon the attorney for defendants read from the records of said township the following portion of record for the year 1865, the amounts allowed by town board aggregating $263.67. The date of the meeting at which they were allowed did not appear, but the record of which immediately precedes the annual township meeting of 1865 on said record book. Both the suggestion and the evidence so introduced were excepted to by plaintiff's counsel. And plaintiff's counsel requested the court to charge the jury as follows:

"There being no record of any vote at the town meeting, or any vote of the town board, of any sum for township purposes, such tax is illegal and void, and therefore said tax title is void."

Which request was refused, and the court charged the jury that the tax deed was *prima facie* evidence of title, and of the regularity of all proceedings; that there might have been rejected taxes, or taxes uncollected on personal property, or the township might have owed debts payable, by a vote of the town in a former year, in the year 1866 ; and he further charged the jury that, if there were debts existing against the township in 1860, 1861, 1862, 1863, or any other time within a reasonable time, there would a presumption

arise that the sum assessed for township purposes might be for either of such purposes, which it would be the duty of the plaintiff to disprove or repel. He also charged the jury that, if the township board had audited claims against the township, the presumption was that the clerk certified them to the supervisors, and that would make a legal tax. The taxes of 1866 were assessed and levied under the statutes of 1853, as amended in 1858.

There was not at that time, nor is there now, any law which authorized the supervisor of a town to levy a tax for township purposes without the same had been first voted at a legal meeting of the qualified electors of the township; or by the township board, where the qualified electors had neglected or refused to vote such sum or sums as were necessary to defray the ordinary expense of the township; and in either case such vote would be matter of record, and should be shown by the township records. Proceedings by which taxes are voted cannot be left in parol; and, if the records do not disclose the fact that the proper authority voted to raise money to defray the expenses of the township, taxes levied for that purpose by the supervisor would be illegal, and no presumption arises, in the absence of such vote appearing upon the record, that it was had or taken. In *Moser v. White*, 29 Mich. 60, Mr. Justice CAMPBELL said:

"Every essential proceeding in the course of a levy of taxes must appear in some written and permanent form in the records of the bodies authorized to act upon them. Such a thing as a parol levy of taxes is not legally possible under our laws."

In *Maxwell v. Paine*, 53 Mich. 31, it was held that the absence from the record of necessary action by the corporate authorities might be proved by the testimony of a witness who had examined the records, and who could testify that the records failed to show such action, and the records themselves need not be produced for that purpose.

In this case the records of the township meetings, and of the township board, from April 1, 1850, to March 28, 1876, were introduced to show that no sum for township purposes

for the year 1866 had been voted or authorized. The records disproved the fact that the levy of the tax for township purposes was authorized, and necessarily rendered the tax illegal, and the tax deed must be held invalid, and the court should so have instructed the jury. On the contrary, however, the court charged the jury that no evidence whatever had been introduced to overcome the *prima facie* case made by the tax deed.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.