|     |     |
| --- | --- |
| 62  | 555 |
| 106 | 661 |
| 62  | 555 |
| 116 | 436 |
| 116 | 440 |

JAMES H. McDONALD ET AL. v. THE CITY OF ESCANABA ET AL.

*Equalization—By board of supervisors—Cannot be reviewed by circuit or Supreme Court—Remedy for fraudulent action on their part—Valuation —Question of rests on judgment of board—And not upon that of the judiciary.*

1. The *action* of the board of supervisors of a county in *equalizing* the assessments in the several townships cannot be reviewed by the circuit or Supreme Court.

   So *held*, where the assessment in *one* township was made at its true *cash* value, and in the others at a much *less* sum, and in equalizing the board left the valuation in the *one* township as assessed, and added to that of several of the other townships, but left them much lower than they should have done, thereby increasing the burden of the first-named township.

2. If (such) public officers fraudulently disregard their duties, there may perhaps be room for resort to the criminal law, or some other remedy against the wrong-doers; but no other body has power to consider the correctness of their *review* of the town valuations.

3. The question of *valuation* rests on the *judgment* of the board of supervisors, and not upon that of the judiciary.[1]

---

[1] See *Williams v. Mears*, 61 Mich. 86 (head-note 1).

Appeal from Delta.   (Grant, J.)   Argued July 15, 1886. Decided July 21, 1886.

Bill to restrain collection of taxes.   Defendants **appeal.** Decree reversed and bill dismissed.   The facts are stated **in** the opinion, and in head-note 1.

*John Power* (*F. O. Clark*, of counsel), for complainants.

*F. D. Mead* (*Ball & Hanscom*, of counsel), for defendants.

CAMPBELL, C. J.   Complainants, who are severally, and not jointly, interested in various items of property assessed for State and county taxes in the city of Escanaba, filed a bill to restrain the collection of the taxes of 1885, on the ground that the board of supervisors made an unfair equalization.

The bill sets out that the assessment in Escanaba **was** made at its true cash value, as required by law, but that in the other towns it was much lower than the fair value of the property.

It further avers that in equalizing the assessments the board of supervisors did not disturb the assessment of Escanaba, but while adding more or less in several of the other towns, left them very much lower than they should have done, so as to throw on Escanaba a great excess of burdens.

The bill was demurred to, but the demurrer was overruled, and defendants appeal.

By this bill the circuit court was, and this Court is, practically called on to review the action of the board of supervisors in the performance of an official discretion, in the course of levying taxes.   It appears that the board have not failed to act, but have in fact acted, in the exercise of the duty laid on them by law.   This being so, we must hold, as was decided in *Attorney General v. Sanilac Supervisors*, 42 Mich. 72, that the subject is not within our revisory power.

If public officers fraudulently disregard their duties, **there** may perhaps be room for resort to the criminal law, or **some**

other remedy against the wrong-doers.  But no other body has power to consider the correctness of their review of the town valuations.[1]  If courts could assume their functions, the levy of taxes might be indefinitely postponed, with no certainty of any final change.  The question of valuation is one which rests on the judgment of the board, and not upon the judgment of the judiciary.

The decree was erroneous, and the demurrer should have been sustained.  We need not, therefore, consider how far these complainants could combine in bringing such a bill.

The decree must be reversed, and the bill dismissed, with costs of both courts.

.  The other Justices concurred.

---

[1] See *Peninsular Iron Co. v. Crystal Falls*, 60 Mich. 511 (head-note 2).