[No. 2107. Decided March 13, 1896.]

OLYMPIA WATER WORKS, *Respondent*, v. THURSTON COUNTY, *Appellant*.

TAXATION — ASSESSMENT OF PROPERTY — BOARD OF EQUALIZATION — APPEAL FROM ORDERS.

The assessment and valuation of property for purposes of taxa-tion are entirely statutory, and the right of persons or corporations whose property has been assessed to secure any review of its valu-ation, is such only as the statute provides.

It is within the power of the legislature to determine what officer or board shall be the final judge of valuation to be placed upon property listed for taxation; and where that power has been re-posed in a board of equalization, no appeal lies from its decision unless expressly conferred by statute.

The right of appeal from any decision or order of the board of county commissioners, granted by the general act in relation to the board of county commissioners, does not extend to the decisions of such board when acting as a board for the equalization of taxes un-der the provisions of the revenue act of 1893, even if the two boards be considered as identical.

Appeal from Superior Court, Thurston County.—
Hon. T. M REED, JR., Judge. Reversed.

*Milo A. Root,* for appellant.
*Haight & Owings,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.— Certain property of the Olympia
Water Company was listed for purposes of taxation,
and a valuation placed thereon by the assessor. There-
after the board of equalization of the county, after
notice to the water company, increased such valuation.
From this decision the water company took an appeal
to the superior court of the county. Thereafter a
motion to dismiss this appeal was made, and denied
by the court, and the first question here presented is
founded upon the denial of this motion to dismiss.

It is claimed on the part of the county that the ac-
tion of the board of equalization, in determining the
value of property listed for taxation, was final, and
that from any order made in reference to such valua-
tion no appeal would lie to the superior court. If this
claim is well founded the other questions presented in
the briefs are immaterial, for if no appeal would lie
from the order of the board of equalization, the su-
perior court obtained no jurisdiction of the proceed-
ing, and any order which it made or attempted to
make would be null and void and should be reversed
and set aside.

There is no dispute as to the proposition that the
listing and valuing of property for the purposes of
taxation by the assessor is political and not judicial,
but it is claimed by the water company that the equal-
ization of the valuation is in the nature of a judicial
proceeding, and within the proper jurisdiction of the

courts. There are some cases which so hold, and there· are others from courts of equal repute which hold directly to the contrary. But, in our opinion, it is not necessary for the purposes of this case that we should decide as to the nature of the proceeding before the board of equalization. By an almost, if not quite, uniform course of decision, it has been held that the assessment and valuation of property for the purposes of taxation are entirely statutory, and that the right of the person or corporation whose property has been assessed to secure any review of its valuation was such and only such as the law provided; that it was within the power of the legislature to provide. what officer or board should be the final judge of the valuation tò be placed upon the property listed for taxation. See *People v. Lots in Ashley*, 122 Ill. 297 (13 N. E. 556); *Attorney General v. Supervisors*, 42 Mich. 72 (3 N. W. 260); *McDonald v. Escanaba*, 62 Mich. 555 (29 N. W. 93); *State Railroad Tax Cases*, 92 U. S. 575.

Hence, an appeal would not lie from the decision of the board of equalization unless the right to such appeal had been conferred by statute.

It is not claimed on the part of the water company that there was any provision which authorized an appeal from the board of equalization as such, but it founds its claim upon a provision which authorized an appeal from all orders made by the board of county commissioners (Gen. Stat. § 298), its contention being that the board of equalization and the board of county commissioners were identical, and that for that reason the provision in the act providing for the general powers and duties of the board of county commissioners, which allowed an appeal from any order or decision made by it, applied to decisions made by

the board of equalization. The contention on the part of the county is that the board of equalization and the board of county commissioners were two different and distinct bodies.

This latter contention receives support from the language of the revenue act which created the board of equalization and defined its duties (Laws 1893, p. 347, § 59). If it had been the intention of the legislature to have made it the duty of the board of county commissioners as such to equalize the assessment roll of the county, a single provision to that effect would have been all that would have been required. But the act contained more than such single provision. It contained provisions sufficient to create a separate board the members of which should be the several county commissioners of the county, and to provide a clerk of such board who should be the county auditor. Such provisions would have been entirely unnecessary if it had been the intention to cast upon the board of county commissioners the duty of equalizing the assessment roll, instead of providing a board of equalization to discharge that duty. The board of county .commissioners was fully constituted at the time of the passage of the revenue act, and the fact that language was used sufficient to create a new board and provide it with a clerk, tends strongly to show that such new board was to be created.

But the conclusion to which we have come as to the provision for an appeal from the decisions of the board of county commissioners makes it unnecessary for us to decide whether it was the board of county commissioners or another board, called the board of equalization, which made the order or decision from which the appeal was taken to the superior court. The section relied upon by the water company was,

and had been from the date of the organization of the territory of Washington, embodied in acts which provided at length for the duties and powers of the board of county commissioners. The equalization of the assessment roll of the county had been at no time a part of the duties of the board of county commissioners provided for in said acts. During all of this time there had been in force acts for the assessment and collection of taxes and in these had been the provisions for the equalization of the assessment roll, and upon whatever officer or board duties were cast by the provisions of these revenue acts, the performance of such duties was required as a part of the machinery provided for the assessment and collection of taxes, and had no connection with the powers and duties of such officers or board provided for in the acts relating to their general powers and duties. This being so, it could make no difference whether the decision in question was made by the board of county commissioners acting as a board of equalization, or by a separate board. In either case the section contained in the general act relating to the powers and duties of the board of county commissioners and providing for an appeal therefrom could not apply to such decision. It was made in pursuance of an act providing in detail for the assessment and collection of taxes, and in that act must be found the right of appeal, if it exists. And the fact that the right to appeal from any decision is given in the act providing for the general duties and powers of the board of county commissioners can have no effect upon the decision required of such board by the act, upon this special subject.

In *Lawry v. Board of County Commissioners*, 12 Wash. 446 (41 Pac. 190), it was held by this court that the section relied upon as authorizing an appeal did

not apply to a decision made by the board of county commissioners which determined the result of an election upon the question of the removal of a county seat; that provision for an appeal referred only to the usual proceedings of the board, and not to those under a statute for a special purpose. What was said in that case applies with full force in this, and might well be held to have determined the question under consideration in favor of the contention of the county.

Under well settled general rules for the interpretation of statutes, the section authorizing appeals contained in the general act as to boards of county commissioners, could have no effect upon decisions made by the board in performing duties required by the revenue act. This interpretation is required by the general rule that provisions in a general act do not affect those contained in a special one, unless the legislative intent to that effect is manifest. It is also required that effect may be given to numerous special provisions contained in the revenue act. The duties to be performed by the board of equalization and other officers in relation to the assessment and collection of taxes might be greatly hindered, if not entirely prevented, if an appeal from decisions of the kind involved in this case could be taken to the superior court. By these provisions it is made the duty of the board of county commissioners or board of equalization, after having completed the equalization of the assessment roll, to proceed to determine the rate of taxation necessary to provide sufficient revenue for the use of the county. This can only be intelligently done when the total valuation of the property in the county has become final. If from the decision of the board of equalization as to such valuation an appeal could be taken to the superior court in behalf of

one of the persons or corporations whose property had been assessed, it could be so taken in behalf of a great number, and it might result that there would be no basis upon which the rate could be determined with any degree of certainty. If the right of appeal from the valuation of property made by the board of equalization exists, such valuation must be ineffectual for the purpose of taxation until such appeal has been heard and determined. Consequently, at the time when the law requires the final action of the board of county commissioners in levying the tax for the ensuing year, it might be that a large part of the property had not yet been valued for the purposes of taxation. In numerous other respects the execution of the various provisions of the revenue act might be interfered with if the valuation as finally determined by the board of equalization was not the final valuation for the purpose of the assessment of taxes for the ensuing year.

Beside, the question of valuation is a matter of opinion and cannot be reduced to a certainty by the knowledge of any one, or by any testimony that can be introduced. It must follow that valuations made by different persons would not be the same upon like property. Hence, the provisions of the constitution as to assessments being equal and uniform can best be subserved by having the valuation of all like property finally determined by the same individual or board. If an appeal from the action of the board of equalization as to particular pieces of property can be taken to the superior court, the valuation of some of the property will be finally determined by the board of equalization and of other by the superior court, and an equal valuation made less probable.

It is no doubt true, as urged by counsel for the

water company, that injustice may be done as between
tax-payers by the action of the board of equalization,
but like injustice might follow in case the valuation
was made by the superior court.    The legislature had
the right to provide who should finally determine the
valuation of the property of the county for the pur-
poses of taxation, and so long as the person or board
charged with that duty acts in good faith there can be
no relief, though by reason of error in judgment the
assessments may be unequal.    See *State Railroad Tax
Cases, supra*; *Gilpatrick v. Saco*, 57 Me. 277.

In our opinion the legislature never intended that
the provision which allowed an appeal from decisions
of the board of county commissioners should apply to
its action in the equalization of the valuation of the
property of the county; and the decision of the su-
perior court, from which this appeal was prosecuted,
was without jurisdiction.    It will, therefore, be re-
versed and the cause remanded with instructions to
dismiss the appeal.

ANDERS and DUNBAR, JJ., concur.