AUDITOR GENERAL *v.* WAYNE COUNTY SUPERVISORS.

1. TAXATION—STATE BOARD OF EQUALIZATION—STATUTES.

Act No. 330, Pub. Acts 1919, amending Act No. 44, Pub. Acts 1911, creating the State board of equalization, is not void for the reason that it provides that three of the five members are to be members of the State tax commission, thus placing them in position to dominate the action of the board and force adoption of their recommendations as State tax commissioners as to the valuation of the several counties for taxation purposes, since no fraud is alleged, and the court may not indulge in the presumption that they could not comply with the mandate of the law.

2. SAME—VALUATION OF COUNTIES FOR TAXATION PURPOSES.

That there was no change by the board of equalization in the assessed valuation of the several counties is no ground for complaint, since, if the data and evidence established equality, and the board after examining same so determined, there would be no occasion to add to or deduct from the assessed valuation of any particular county.

3. SAME—TOTAL VALUATION OF STATE—ACTION OF BOARD OF EQUALIZATION NOT REVIEWABLE.

The action of the State board of equalization in reducing the total valuation of the State as found and recommended by the board of State tax commissioners from $6,706,421,000 to an even $5,000,000,000, but preserving the same ratio and percentage of burden to the various counties of the State, *held*, not subject to review by this court.

4. SAME—BOARD OF EQUALIZATION—QUORUM—STATUTES.

If the office of president of the live stock sanitary commission was abolished by statute (Act No. 181, Pub. Acts 1919), thus leaving no such officer to serve as a member of the board of equalization, that would not render the official action of said board void, since there were still

four members and the statute (1 Comp. Laws 1915, § 162) constitutes three members a quorum for the transaction of business.

5. SAME—MANDAMUS—SPREADING STATE TAX.
  Mandamus will issue, at the instance of the auditor general, to compel the board of supervisors of the county of Wayne to spread the State tax for the year 1921 upon the equalized valuation of said county as fixed by the board of equalization for the year 1921, rather than on the valuation as fixed for the year 1916 in pursuance of a resolution adopted by said board of supervisors.

Mandamus by Oramel B. Fuller, auditor general, to compel the board of supervisors of Wayne county to spread the State tax as apportioned by the State board of equalization for the year 1921. Submitted November 1, 1921. (Calendar No. 30,013.) Writ granted November 5, 1921.

*Merlin Wiley*, Attorney General, and *Clare Retan* and *Samuel D. Pepper*, Assistants Attorney General, for plaintiff.

*Paul W. Voorhies*, Prosecuting Attorney, and *Edwin S. Bartlett*, Assistant Prosecuting Attorney, for defendant.

PER CURIAM. On October 4, 1921, John C. Nagel, a member of the defendant board and chairman of its committee on equalization, filed in this court a petition for a writ of certiorari to secure a review of the action of the State board of equalization in its equalization of the values of the several counties in the State at its meeting held in August, 1921. In passing upon such petition, we departed from our usual practice by filing with the clerk for the information of counsel (though not for publication) a *per curiam* opinion, expressing our reasons for declining to issue such writ. Soon thereafter, and on October

216—Mich.—17.

20, 1921, the defendant board of supervisors adopted a resolution wherein, after recitals setting forth the reasons therefor, it determined that the State tax for the year 1921 should be spread on the equalized valuation of the county of Wayne as fixed by the State board for the year 1916.

Plaintiff asks mandamus to compel the defendant board to spread the tax apportioned by him to Wayne county pursuant to the 1921 equalization. The answer of the defendant and the argument and briefs of its counsel raise the same questions presented on the application for writ of certiorari. We have again given them consideration and are of the opinion that the conclusion then reached should not be changed. We content ourselves at this time with adopting the opinion then filed. It follows:

"Petitioner asks for a writ of certiorari, directed to the State board of equalization, to bring before the court the constitutionality of the statute creating the board, the right of certain members to act and the validity of the determination made by the board. We depart from our general course, in denying the writ, and briefly state our reasons.

"Act No. 330, Pub. Acts 1919, amended sections 1, 2 and 4 of Act No. 44, Pub. Acts 1911, being sections 160, 161 and 163, 1 Comp. Laws 1915, and created the State board of equalization to consist of the auditor general, president of the live stock sanitary commission and three members of the State tax commission.

"It is claimed that:

"'By the organization of the State board of equalization a majority thereof being constituted of the board of State tax commissioners, the formality of equalization was devoid of any opportunity for the representatives of the several counties of the State to be heard with effect by reason of the fact that the board of State tax commissioners, having arrived at and determined certain valuations which, under their obligation as public officers, they were bound to confirm as the aggregate true cash value of the several counties of the State; the said mem-

bers of the board of State tax commissioners, as members of the State board of equalization, could not assent to any change in said valuation so arrived at without self-stultification.'

"An examination of the history of subordinate boards of review, municipal and county, discloses assessing officers thereon from the beginning, the idea evidently being to have the benefit of their knowledge gained in making the assessments. But it is urged that the tax commissioners constituted a majority of the board and, therefore, could dominate its action and force adoption of their recommendations as State tax commissioners. No fraud is alleged, and we cannot indulge in the presumption that they could not comply with the mandate of the law. They are not supposed to be interested in the matter personally, in any sense. They are public officers, perfectly disinterested, and impartial as any officers, and from the nature of their duties are better qualified as members of the board of equalization than those who have not given the matter the same attention. If they are honest—and under the law they must be presumed to be honest,—they will readily correct their own errors of judgment by consultation with their fellow members of the board.

"The action of the board of equalization is political in its nature. *Attorney General* v. *Sanilac Supervisors*, 42 Mich. 72. And the policy to be adopted and the officers designated to act fall wholly within legislative control.

"It is urged that:

" 'After hearing the representatives of the several counties of the State, or so many of them as appeared at the time of the meeting of the board, said State board of equalization passed a resolution that the total valuation of the State as found and recommended by the board of State tax commissioners be cut from $6,706,421,000 to an even $5,000,000,000; and thereupon, preserving the same ratio and percentage of burden to the various and several counties of the State, the aggregate assessed valuation of the several counties of the State was arbitrarily changed by mathematical calculation so that the total assessed valuation of the State should be no more and no less than $5,000,000,000.'

"The statute provides that:

" 'If, after examination of the data and evidence furnished, the assessment of any county or counties shall be determined to be at more or less than the true cash value of such county or counties, it shall be the duty of said board to equalize the same by adding to or deducting from the aggregate assessed valuation of the taxable real and personal property of such county or counties such an amount as will produce a sum, which in the estimation of said board represents the true cash value thereof. The amount added to or deducted from the aggregate assessed valuation in each county shall be entered upon the records. The valuation of the several counties as equalized shall be certified by the chairman and secretary of the board and filed in the office of the auditor general, and shall be the basis for apportionment of all State taxes until another equalization shall be made.' Act No. 330, Pub. Acts 1919, § 4.

"If the data and evidence established equality of assessment and the board so determined then there was no occasion to add to or deduct from the assessed valuation of any particular county. The action of the board in reducing the basis for apportionment of the State taxes is not subject to our review. *McDonald* v. *City of Escanaba*, 62 Mich. 555; *Williams* v. *Mears*, 61 Mich. 86.

"If the office of president of the live stock sanitary commission was abolished by the provisions of Act No. 181, Pub. Acts 1919, creating a department of animal industry and, therefore, there was no such officer as the president of the live stock sanitary commission to serve upon the board of equalization, there were four members without him and the statute constitutes three members a quorum for the transaction of business. 1 Comp. Laws 1915, § 162.

"This application is made on the eve of the levy of the State tax, and if the writ should issue it would bring confusion into tax proceedings throughout the State. The inexpediency of the writ and reasons why it should not be granted in tax cases are well pointed out in *Whitbeck* v. *Village of Hudson*, 50 Mich. 86.

"While we do not hold that the writ will not issue in tax cases, we do hold that the case where it will issue must be an exceptional one.

"The writ is denied."

The writ will issue as prayed.