[No. 17381.   Department One.   December 27, 1922.]

GRAYS HARBOR LUMBER COMPANY, *Respondent,* v. GRAYS HARBOR COUNTY *et al., Appellants,* CITY OF HOQUIAM, *Defendant.*[1]

TAXATION (208) — REMEDIES OF OWNERS — ACTION TO SET ASIDE EXCESSIVE ASSESSMENT—PLEADING—COMPLAINT. In an action to set aside an excessive assessment, an allegation of actual fraud is not necessary where, by specific allegations, there is such an excessive valuation as to constitute constructive fraud.

SAME (210) — EVIDENCE OF OVERVALUATION — SUFFICIENCY. An assessment against lumber and mill machinery upon the basis of an actual value of $2,185,680, is shown to be excessive, where a large number of witnesses gave testimony sustaining a reduction of nearly 50%.

SAME (209)—EVIDENCE OF VALUE—ADMISSIBILITY. In an action to reduce an assessment upon lumber, evidence is admissible to show that its value was speculative at the time of the assessment, owing to uncertain conditions in transportation and lack of cars, and that, without shipping facilities, it was nearly valueless.

Cross-appeals from a judgment of the superior court for Grays Harbor county, Gilliam, J., entered

[1]Reported in 211 Pac. 270.

January 11, 1922, in an action to set aside an excessive tax on personal property.   Affirmed.

*George Acret* and *R. A. Lathrop,* for appellants.

*W. H. Abel, Otto B. Rupp, Chadwick, McMicken, Ramsey & Rupp,* for respondent and cross-appellant.

MITCHELL, J.—The Grays Harbor Lumber Company of Hoquiam, Washington, respondent and cross-appellant, brought this action against Grays Harbor county, its treasurer and sheriff, and against the city of Hoquiam for relief from the personal property tax on its lumber and mill machinery for the year 1920, upon the charge of a fraudulently excessive valuation of the property, that a portion of its property had been doubly assessed, and upon the further allegation that certain levies by or on behalf of the city of Hoquiam were illegal.   The trial court granted relief against what it found to be an exorbitant valuation of the property for taxation purposes, and also granted relief against certain of the levies made on behalf of the city of Hoquiam.   The county and its officers have appealed from the reduction of the valuation of the property, and consequent reduction of the tax.   The city of Hoquiam has not appealed.   The Grays Harbor Lumber Company has taken a cross-appeal, claiming that the valuation of its property was not sufficiently reduced, that its mill machinery had been doubly assessed in that it had been included in its real property assessment the tax on which had been paid, and that still other of the levies of the city of Hoquiam should have been declared illegal.

On behalf of the appellants, it is claimed the trial court should not have overruled a general demurrer to the second amended complaint upon which the trial was had.   The complaint shows that the lumber com-

pany appeared before the board of equalization concerning the assessment, and the argument is that the complaint contains no allegation of fraud on the part of the board of equalization; that the valuing of personal property by the board of equalization cannot be reviewed except for actual fraud and that, since the complaint does not allege fraud, malice or arbitrary action on the part of the board of equalization that therefore the complaint does not state a cause of action.

True, the complaint does not, in terms, characterize the action of the board as fraudulent or arbitrary, yet by specific allegations of the fair value of the property for taxation purposes, and the alleged value of the property as equalized by the board, there is shown such a great disparity against the owner concerning the value that it amounts, in legal effect, to a charge of legal or constructive fraud. This we think is sufficient, actual or positive fraud not being necessarily required. Indeed, in the case of *First Thought Gold Mines, Ltd:, v. Stevens County,* 91 Wash. 437, 157 Pac. 1080, this court, citing many of its former decisions, declared,

"It is the established law in this state that courts will grant relief from a grossly inequitable and palpably excessive over-valuation of real property for taxation as constructively fraudulent, even though the assessing officers may have proceeded in good faith, and this without regard to the action of the board of equalization."

The case just cited refers to taxes on real property, but we are satisfied that the same rule applies to taxes on personal property when they are assailed by an independent suit in equity by allegations of constructive fraud, as is the case here.

The appellants rely on the doctrine of some of the earlier cases in this court. The first one is *Olympia Water Works v. Thurston County,* 14 Wash. 268, 44

Pac. 267, a personal property tax case, wherein it was held that the property owner had no right of appeal from the action of the board of equalization, there being no statutory provision therefor. Its next case is *Olympia Water Works v. Gelbach,* 16 Wash. 482, 48 Pac. 251, involving a subsequent assessment on the same property of the Olympia Water Works. It was an independent suit for relief against a tax levied upon an alleged over-valuation of the property. Relief was denied. In the course of the opinion, in discussing the question of alleged fraud on the part of the board of equalization, the court said:

"The fact that they placed a higher valuation upon the property than the witnesses placed upon it would not be conclusive evidence."

But, counsel for appellants, in relying upon this declaration, in support of their thought, overlook the fact that the court, in continuing the same sentence, remarked, "unless perchance such an excessive value is fixed that fraud must be conclusively presumed."

So with the case of *Knapp v. King County,* 17 Wash. 567, 50 Pac. 480, a real property tax case, wherein, referring to statutory remedies, it was mentioned that, as to taxes upon real estate, the statute made express provision for contesting "the substantial justice of the tax itself," when the county treasurer made application for judgment against the land for the taxes assessed; while as to personal property taxes it was therein stated:

"Under the statutes of this state no provision is made for reviewing the action of the assessor or board of equalization in so far as such action pertains to the assessment of personal property,"

and this statement is relied on by the appellants here. But again, as in the second *Olympia Water Works* case,

*supra,* the sentence was continued and concluded with the important statement: ''and it is probable that in the absence of fraud or malice the action of the board of equalization is final as to such property,'' that is as to personal property.   The case at bar is one of fraud—constructive or legal fraud.   The doctrine of these cases and others relied on by the appellants is summed up in the case of *Metropolitan Building Co. v. King County,* 62 Wash. 409, 113 Pac. 1114, Ann. Cas. 1912C 943, as follows:

''The rule of these cases is that an assessment will not be set aside for mere overvaluation, unless the property is so grossly overvalued as to result in a fraud upon the property owner.''

The *Metropolitan Building Company* case, *supra,* was a personal property tax case.   It involved the assessment and taxation of a leasehold interest in real property which by the terms of the statute was required to be assessed as personal property.   Relief was granted in that case notwithstanding the consideration that the action of the board of equalization could not be reviewed for mere overvaluation.

Our conclusion is that the demurrer to the complaint was properly overruled.

As to the amount of the assessment and the reduction made by the trial court, it is alleged in the complaint that the assessor placed a grossly excessive assessment against the lumber of $2,185,680, as its full value, which was cut down ten per cent by the board of equalization, leaving $1,967,112 as its full value, upon fifty per cent of which, as required by the statute, amounting to $983,556, the taxes were levied.   Upon the trial of the case, it was the judgment of the court that the lumber was worth, on the fifty per cent basis required by law, $425,878.75 and no more.   A large number of witnesses were examined upon the subject of the value of the

lumber as of the date of March 1, 1920, at which date the supply of cars for shipping was, and for more than six months had been, and threatened to continue to be, in an uncertain, irregular and almost abominable condition. Out of all the evidence, upon full consideration, we think the finding and judgment of the court in this respect are sustained by the weight of the evidence and that appellant's exceptions thereto cannot be sustained.

It is also claimed by the appellants that the court committed error in admitting testimony of the value of the lumber based upon the speculative value of it on March 1, 1920. The lumber company's enterprise was a commercial one, dependent almost exclusively on shipments by rail. There is no dispute in the testimony that, on and about March 1, 1920, shipping by rail was in a wretched condition because of the lack of cars, on account of which, together with the general understanding that future relief in that respect was decidedly uncertain, some of the witnesses thought the values were speculative and hesitated to express opinions as to the value of the lumber except as cars could actually be had for such of the lumber as was suitable for market; that, without transportation facilities, the lumber was nearly valueless. The situation was a condition, it was a reality; and while, if ordinarily the testimony was not proper, we are of the opinion it was properly received in this case as having some fair and just bearing upon the determination of the difficult question of the market value of the property at the time in question and under the unusual conditions then existing.

Nor are we disposed, upon the cross-appeal of the Grays Harbor Lumber Company, to grant any further reduction in the valuation of the lumber. It was alleged in the complaint that the fair value of the lum-

ber for taxation purposes on the basis of fifty per cent was not to exceed the sum of $419,426.99, and considerable of the testimony on behalf of the lumber company was that the lumber was, at a fair valuation, worth much less than the amount mentioned in the complaint. Indeed, it is insisted by the lumber company that the weight of the testimony shows that the value of the lumber for taxation purposes upon the fifty per cent basis required by statute did not exceed $250,000, on which amount it insists the tax levy should be finally computed. Other testimony, however, places the value higher and we are disposed to accept and adopt the finding and judgment of the trial court as to the value of the lumber.

The further claim of the Grays Harbor Lumber Company that its mill machinery, etc., had been included in the assessment of its real property, the tax on which had already been paid, has not been sustained by the proof, as we understand it. It is entitled to no relief in this respect.

The only levies made for and on behalf of the city of Hoquiam, alleged to be illegal and not declared illegal by the trial court, that are still insisted upon at the time of oral argument in this court on behalf of the Grays Harbor Lumber Company, are three-fourths of a mill on the dollar for payment of a bridge approach, and two mills on the dollar for fire station building fund. It appears that the trial court refused to set these levies aside for the reason that the city had already obligated itself to expend the funds to be raised by the levies in the improvements designated. There is some confusion in the testimony concerning the different levies for the city, a number of which were called in question by the lumber company; but, upon the whole of the testimony, we are satisfied with the con-

clusion of the trial court concerning the two remaining ones presented to us. The enterprises covered by the levies still questioned were already completed or partly constructed and contracted for at the time and to the extent of the levies certified by the city authorities and levied by the commissioners.

Judgment affirmed.

PARKER, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.