### ERIE TOWNSHIP *v.* STATE TAX COMMISSION

1. TAXATION—STATE TAX COMMISSION—EQUALIZATION FACTOR—HEARING—NECESSITY.

   A hearing on equalization factors must be held by the State Tax Commission only if the commission determines that the equalization complained of is unfair, unjust, inequitable, or discriminatory; however, if the State Tax Commission determines on the basis of petitions that the equalization complained of is not unfair, unjust, inequitable, or discriminatory, then no further action is necessary (MCLA § 211.34).

2. TAXATION—STATE TAX COMMISSION—APPEAL AND ERROR—SCOPE OF REVIEW.

   The actions of the State Tax Commission, when within the commission's jurisdiction, are final in the absence of fraud.

Appeal from the State Tax Commission. Submitted Division 2 December 14, 1970, at Lansing. (Docket No. 9769.) Decided April 23, 1971.

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation §§ 728–733.
[2] 51 Am Jur, Taxation § 771.

The county equalization factors for Erie Township and LaSalle Township were increased by the Monroe County Board of Commissioners. Erie Township and LaSalle Township, plaintiffs, appealed the equalization factors to the State Tax Commission. Affirmed. Plaintiffs appeal by leave granted. Affirmed.

*Weipert, Costello & Lavoy,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William D. Dexter* and *Richard R. Roesch,* Assistants Attorney General, for defendant.

Before: BRONSON, P. J., and R. B. BURNS and HOFF,* JJ.

BRONSON, P. J. Plaintiffs, Township of Erie and Township of LaSalle, are located in the County of Monroe, which is one taxable unit consisting of 19 assessing districts. During the years 1967, 1968, and 1969, the plaintiff townships both had equalization factors of 1.000000. Following a study of five townships in the county in early 1970, the Monroe County Board of Commissioners adopted the equalization report of the County Equalization Director and established new equalization factors applicable to plaintiffs. Plaintiff Erie Township was assigned a new and higher equalization factor of 1.167568 and a new and higher factor of 1.247041 was assigned to plaintiff LaSalle Township. As stated above, only five townships were studied, and no adjustment in the equalization factor was made for any of the assessing districts which were not studied.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In May, 1970, plaintiffs requested review by the State Tax Commission concerning the equalization of Monroe County. The State Tax Commission requested the plaintiffs to file substantiation of their allegations of discrimination. Additional information was submitted by the plaintiffs. The State Tax Commission considered the appeals at a meeting on June 3, 1970. The commission then decided that there was no statistical data submitted by the plaintiffs indicating that any inequity was brought about because of the new equalization factors. The commission concluded that the plaintiffs' complaint was based upon unsupported allegations that the equalization surveys were of insufficient frequency countywide. Also, the commission found that no factual basis of erroneous valuation existed. On the basis of these findings, the commission adopted a resolution denying plaintiffs' appeal and affirming the equalization of Monroe County.

Plaintiffs contend that the State Tax Commission did not comply with MCLA § 211.34 (Stat Ann 1970 Cum Supp § 7.52), because the commission did not hold a hearing as requested by the plaintiffs. The defendant contends that under the statute a hearing is discretionary with the State Tax Commission and, in view of its findings, no abuse of discretion occurred by denying a hearing. We agree with the defendant's interpretation of the statute.

MCLA § 211.34 (Stat Ann 1970 Cum Supp § 7.52) provides for equalization by counties. The appeal procedure to the State Tax Commission is also contained there. It provides in part:

"The state tax commission shall, upon receipt of the petition, forthwith examine same, and *if in its judgment there is a showing* to the effect that the equalization complained of is *unfair, unjust, inequi-*

*table or discriminatory* may proceed at once to make an investigation of the matters set forth in the petition. \* \* \* If the *state tax commission shall decide that the determination and equalization made by the board of supervisors is correct, no further action shall be taken. In case the state tax commission shall determine that the equalization made by the board of supervisors is unfair, unjust, inequitable or discriminatory, the state tax commission shall notify by mail the supervisor who has appealed, as well as each member of the board of supervisors and board of education, if the board. has appealed, together with notice of the time and place of hearing.*" (Emphasis added.)

Thus, by statute, the commission has the power to consider the information provided, and if it decides that there has been an unjust, unequal, or discriminatory equalization by a county, it must then hold a hearing. However, if the commission decides upon the basis of the filed petition that there has not been an unjust, unequal, or discriminatory equalization, then *no further action need be taken.* See Krawood, "Michigan's Need for a Tax Court and the Inadequacy of Appeal Procedures Provided by the General Property Tax Law", 11 Wayne L Rev 508, 519, 520 (1965).

Plaintiffs, relying on *Titus* v. *State Tax Commission* (1965), 374 Mich 476, contend that they had a right to a hearing before the State Tax Commission. However, *Titus* differs from the instant case in a number of ways, not the least of which is the fact that the Court in *Titus* was faced with the problem of assessment, not equalization, and was concerned with MCLA § 211.152 (Stat Ann 1960 Rev § 7.210), which requires a hearing, and not MCLA § 211.34 (Stat Ann 1970 Cum Supp § 7.52), which does not.

The basis for appellate review of decisions from the State Tax Commission regarding equalization was set forth in *Barnes* v. *Board of Supervisors of Wayne County* (1917), 194 Mich 540, 549, 550:

"Acting within the scope of its power such action may be said to be almost plenary. Whether this statute is wise or not, is matter for legislative, rather than judicial, consideration.

"It should be held that the board having obtained jurisdiction, and having acted, such action should be deemed final, in the absence of fraud."

See *School District No. 9, Pittsfield Township, Washtenaw County,* v. *Washtenaw County Board of Supervisors* (1954), 341 Mich 388, 405; *Auditor General* v. *Wayne County Supervisors* (1921), 216 Mich 256; *McDonald* v. *City of Escanaba* (1886), 62 Mich 555. See, also, Const 1963, art 6, § 28; *Krawood, supra,* p 520.

Plaintiffs argue that the decision of the State Tax Commission which upheld the equalization constituted constructive fraud and error of law. The defendant contends that plaintiffs' arguments are merely conclusions since there had been no factual showing that the equalization was unfair, unjust, or discriminatory.

Plaintiffs once again rely on *Titus* to support their position. In addition to the differences previously mentioned between *Titus* and the instant case, we note that in *Titus* it was an established fact that the property of the appellant was assessed at 40% of true cash value and other property in the taxing unit was assessed at 37% or 38% of its cash value. In the instant case, there is no such proof in the record. In short, the plaintiffs have failed to establish on the record before this Court facts which would support their conclusions that the deci-

sion of the tax commission to uphold the equalization constituted fraud or error of law.

For the above-mentioned reasons, the decision of the State Tax Commission is affirmed. No costs, a public question being involved.

All concurred.