[No. 8853. Department One. June 30, 1910.]

FRANK E. CASE *et al.*, *Appellants*, v. SAN JUAN COUNTY AND E. H. NASH, T*r*easurer, *Respondents*.[1]

TAXATION—ASSESSMENTS—EXCESSIVE VALUATION. A valuation of $50,000 for the purposes of assessment for taxation, upon 276 acres of land, chiefly valuable for limestone deposits, is excessive and constructively fraudulent, and should be reduced to $15,000 where the assessor stated that he was unable to fix the value of mineral land unless it was tested or developed, the value did not exceed $3 to $5 per acre aside from the limestone, and the land had not been developed and a few years ago had sold for $10,000; and an offer of $50,000 made and refused is not a sufficient basis upon which to fix the valuation, where the offer was coupled with a condition that six or seven thousand dollars be expended in development work and the land be demonstrated to contain sufficient limestone to operate a cement plant of 1,000 barrels capacity per day for twenty-one years.

Appeal from a judgment of the superior court for San Juan county, Joiner, J., entered November 6, 1909, upon findings in favor of the defendants, in an action to abate an assessment and cancel a tax on real property, after a trial on the merits before the court without a jury. Reversed.

[1]Reported in 109 Pac. 809.

*James Kiefer*, for appellants.

*R. E. Morris*, for respondents.

RUDKIN, C. J.—The plaintiffs John H. McGraw and George B. Kittinger, copartners under the firm name of McGraw & Kittinger, are the owners of 275 92-100 acres of wild unimproved land in San Juan county, the title to which stands in the individual names of the several plaintiffs, in trust for the copartnership. During the year 1908 the assessor of San Juan county assessed all property in his county at forty per cent of its actual cash value, for the purpose of taxation, and fixed the actual cash value of the property in question at approximately $50,000, or the assessed value at $19,675. The plaintiffs, claiming that this assessment was unreasonable, oppressive, illegal and fraudulent, tendered to the county treasurer the sum of $83.94, in full of all taxes against their property for the year 1908, and upon the refusal of that officer to accept the tender, the present action was instituted to reduce or abate the assessment and to cancel the tax, upon the payment of the amount tendered, and for general relief. The court below adopted and approved the valuation fixed by the county assessor, and dismissed the action. From the judgment of dismissal, this appeal is prosecuted.

The character of the property is such that it is impossible for an assessing officer or a court to fix its actual cash value with any degree of certainty, but we are nevertheless convinced that the valuation fixed by the county assessor and approved by the court below is unreasonable and oppressive, and finds little or no support in the testimony. It is conceded that the lands are wild and unimproved, and are chiefly valuable for the limestone they are supposed to contain. The value of the land, aside from the limestone, does not exceed from $3 to $5 per acre, and the court so found. The testimony tending to show the value of the limestone deposits is extremely meager and unsatisfactory. Only two witnesses

testified on that point, the appellant George B. Kittinger for the appellants, and the county assessor for the respondents. The latter conceded that he has had no experience in the lime business, or in investigating the value of limestone property, except as county assessor, and that he is not an expert. He further conceded that it is impossible to fix the value of mineral land, unless it is tested or developed, that otherwise, "You have simply to make a guess at it."

It is likewise conceded that in fixing the value of this property the assessor was controlled in a large measure by the fact that the appellants had received an offer of $50,000 for the property. If such an offer had been made and refused, the act of the assessor in fixing the value in that sum would be fully justified, but the offer was coupled with important conditions which were perhaps unknown to the assessor. But whether known or unknown, the conditions attached to the offer left the offer itself of no probative force on the question of actual cash value. The offer was this. Certain parties agreed to pay the sum of $50,000 for the property, on condition that the owners would expend $6,000 or $7,000 in development work, and would prove or demonstrate that there was sufficient limestone on the land to operate a cement plant of the capacity of one thousand barrels per day, for a period of twenty-one years. Of course such an offer is of no moment in fixing the present cash value of property, unless coupled with a showing that these conditions were possible of fulfillment, and no such showing was made or attempted here. Such an offer might safely be made for land containing no mineral whatever. The price of $75,000, at which the owners hold the property, is based on similar conditions. If the worth of the property is demonstrated by a test, it will then have a fixed value; but the test may demonstrate its absolute worthlessness, and in that event the owners would lose not only the money expended in the development work, but they would, at the same time, destroy any speculative value the property may have at the present time. It ap-

pears from the testimony that the present owners paid in the neighborhood of $10,000 for the property in its present condition some few years ago, and there is nothing in the record to indicate that its value has materially increased since that time. This is the most, if not the only satisfactory evidence of value found in the record, and we find nothing to sustain a present cash valuation in excess of the sum of $15,000, as an outside limit. On a forty per cent basis this would fix the assessed valuation at $6,000, and we are satisfied that no assessment in excess of the latter sum should be permitted to stand. Such a discrepancy between the actual and the assessed value shows a constructive fraud. *Whatcom County v. Fairhaven Land Co.*, 7 Wash. 101, 34 Pac. 563; *Benn v. Chehalis County*, 11 Wash. 134, 39 Pac. 365; *Knapp v. King County*, 17 Wash. 567, 50 Pac. 480; *Henderson v. Pierce County*, 37 Wash. 201, 79 Pac. 617; *Dickson v. Kittitas County*, 42 Wash. 429, 84 Pac. 855.

The judgment of the court below is therefore reversed, with directions to enter judgment cancelling the assessment upon the payment of a tax based upon an assessed valuation of $6,000. Inasmuch as one of the appellants died since the argument of the case before this court, judgment will be entered here as of the date of submission.

PARKER, GOSE, FULLERTON, and MORRIS, JJ., concur.