[No. 14324.   Department One.   December 7, 1917.]

GRAYS HARBOR CONSTRUCTION COMPANY, *Appellant*, v. GRAYS
HARBOR COUNTY, *Respondent*.[1]

TAXATION—ASSESSMENT—VALUE OF PROPERTY—EVIDENCE — SUFFI-
CIENCY. It sufficiently appears that the value of property assessed
for taxation did not exceed $10,000, where it was shown that there
was a *bona fide* sale of the property at that sum in the regular course
of business and numerous witnesses testified that such sum was the
fair market value.

SAME—ASSESSMENT—EXCESS—CONSTRUCTIVE FRAUD. Where prop-
erty of the fair value of $10,000 was assessed upon a basis of more
than three times that sum, the assessment is so grossly excessive as
to be constructively fraudulent.

Appeal from a judgment of the superior court for Grays
Harbor county, Back, J., entered February 24, 1917, dis-
missing an action to enjoin the collection of a tax, tried to
the court. Reversed.

*W. H. Abel*, for appellant.

*W. H. Tucker* and *J. E. Stewart*, for respondent.

MAIN, J.—This action was brought to enjoin the collec-
tion of an alleged excessive assessment and tax. The trial
resulted in a judgment denying the plaintiff the relief prayed
for in the complaint. From this judgment, the plaintiff ap-
peals.

The facts are these: The property upon which the assess-
ment and tax are challenged by the action consists of upland,
tide land, and a lease of harbor area upon Grays Harbor
about midway between Aberdeen and Hoquiam. This prop-
erty, together with all the other property in Grays Harbor
county for the year 1915, was assessed on a basis of fifty
per cent of the actual value. The property in question, on
this basis, was assessed at $17,580. This being the assess-
ment upon the fifty per cent basis would make the actual

[1]Reported in 168 Pac. 1138.

value of the property, if the assessment is correct, $35,160. The appellant claims that the fair cash value of the property was not to exceed $10,000, and, prior to instituting the action, tendered the amount of taxes for the year 1915 upon the basis of fifty per cent of this sum. This tender being refused, the action was brought to compel its acceptance and the cancellation of the alleged excessive tax.

The first question to be determined is the fair cash value of the property, and after this is determined, the next question will be, if the property is assessed for more than its actual value, whether such excess is so gross as to be constructively fraudulent.

The appellant recognizes the rule that the assessor and board of equalization act in a quasi judicial capacity in making and equalizing assessments, and that the evidence to overcome such assessments must be clear and convincing that the property was assessed so far above its fair cash value that the assessment becomes constructively fraudulent. As stated in *First Thought Gold Mines v. Stevens County*, 91 Wash. 437, 157 Pac. 1080:

"It is the established law in this state that courts will grant relief from a grossly inequitable and palpably excessive overvaluation of real property for taxation as constructively fraudulent, even though the assessing officers may have proceeded in good faith, and this without regard to the action of the board of equalization." [Citing authorities].

The appellant produced ten witnesses in this case, some of whom were apparently competent real estate men, and others substantial business men in other lines of business, but whose qualifications to testify as to real estate values is not questioned. All of these witnesses testified that the value of the property in question did not exceed $10,000, some of them placing it at a much lower figure. The respondent, to sustain the assessment, offered the evidence of the assessor and two deputy assessors, who worked together in fixing the value

of this and other property, and one real estate man.   The testimony of these witnesses would tend to support the assessment.   Conceding, without deciding, that the testimony of the appellant's witnesses, already referred to, was not sufficiently clear and convincing to establish the value of the property at not to exceed $10,000, it yet does not follow that the assessment can be sustained.   There are a few facts about which there can be no reasonable controversy which, when taken into consideration with all the other evidence in the case, so clearly establish that the value of the property did not exceed $10,000 that the question is hardly debatable. These facts will here be noticed.

On October 25, 1915, the then owner of the property sold it for $10,000, $2,000 of which was paid in cash, and a mortgage back for the balance, or $8,000, with interest at six per cent per annum.   The seller of the property was a man in good financial circumstances who was under no stress of making the sale.   He had, for a number of years, offered the property for sale at $10,000, and it had been advertised for sale for that sum.   This was a *bona fide* sale made in the regular course of business, and apparently the property brought its fair value.

Another fact is, as shown by the tax rolls of Grays Harbor county, that for no year prior to 1914 and 1915 was the property assessed for one-half of what it was assessed for during those two years.   The evidence shows that there was no substantial change in the fair cash value of this and other similar property during the years 1914 and 1915 as against the three or four years preceding.   One of the deputy assessors, who participated in making the assessment, stated that, at the time the assessment was made, he was under the impression that the property was held for sale at $50,000, and that it was partly but not altogether on this supposition that the assessment was made.   There was no evidence to support this supposition.

Under all the evidence in the case, the conclusion is irresistible that the value of this property for the year 1915 did not exceed $10,000.

The next question is whether the assessment was so grossly excessive as to be constructively fraudulent. Little need be said upon this question. The basis of the value of the property for taxation was more than three times $10,000, or its fair cash value. Such a discrepancy between the actual and assessed value shows a constructive fraud. *Case v. San Juan County*, 59 Wash. 222, 109 Pac. 809.

The respondent cites the case of *Heuston v. King County*, 90 Wash. 200, 155 Pac. 773, as being controlling in the present case. There is, however, a marked distinction between that case and the present. There the qualification of each of the witnesses offered to overthrow the assessment was challenged because of lack of qualification to testify as to the value of the lands in controversy. It was there said that some of the witnesses did not show qualifications of a very high order to give opinion testimony, though the testimony was admissible. In that case, there were no additional facts such as have been hereinbefore recited in this case. The question there, as here, is one of fact. In that case, the court was of the opinion that the assessment had not been assailed by testimony which was sufficiently clear and convincing. The record in the present case presents an entirely different state of facts. Each case must be determined upon its particular facts.

The judgment will be reversed, and the cause remanded with direction to enter the judgment prayed for.

ELLIS, C. J., PARKER, FULLERTON, and WEBSTER, JJ., concur.