[No. 15527. Department One. December 2, 1919.]

A. R. TITLOW et al., Appellants, v. PIERCE COUNTY et al., Respondents.[1]

TAXATION (59, 210)—VALUATION OF PROPERTY—EXCESSIVE ASSESSMENT—EVIDENCE—SUFFICIENCY. An assessment for taxation is so excessive as to be constructively fraudulent, where like property on four sides was assessed only one-fourth to one-seventh as much, and the assessor employed a minimum rate without considering the fair market value, which other evidence showed was only one-fifth as much as the assessment.

Appeal from a judgment of the superior court for Pierce county, Fletcher, J., entered April 3, 1919, dismissing an action to cancel a tax, tried to the court. Reversed.

A. R. Titlow, for appellants.

William D. Askren, Frank D. Nash, and J. A. Sorley, for respondents.

MACKINTOSH, J.—The appellants were the owners of 1,125 lots in outlying platted additions in Pierce county, and this action was begun for the purpose of cancelling and setting aside taxes thereon for the year 1917.

In the month of July, 1917, Pierce county began an action seeking to condemn these lots for the purpose of an army post site, and in the condemnation suit the jury returned a verdict in the sum of $1,568 as the fair cash market value of the property. This sum

[1]Reported in 185 Pac. 575.

was paid into the clerk's office of Pierce county, and the county treasurer asserted a claim against the funds in the sum of $208.58 for taxes for 1917, which was based upon the assessed valuation as fixed by the assessor at $5 per lot, which the assessor claimed to be fifty per cent of the actual fair cash market value of each lot. Upon the trial of the action, two witnesses were produced by the appellants who testified that the fair cash market value of the lots did not exceed $1 each. The testimony further shows that the same kind of property, but unplatted, on the four sides of appellants' lots was assessed only from one-fourth to one-seventh as much per acre as were the appellants', and that, though the appellants' lots were in a platted addition, there had been actually no streets or alleys in use and the property was to all intents and purposes acreage property. The only other witness aside from these two real estate experts was the county assessor, who testified to a minimum valuation of $5 per lot on the outlying platted property in conformity with a plan followed by him. It appears that this minimum valuation had been placed without considering the fair cash market value of each lot and parcel. The defendants introduced no evidence and the record is composed entirely of the testimony of the two experts and the assessor. The finding of the condemnation jury placed the fair cash market value of the lots at the sum of $1.40 per lot.

Under this record, the valuation placed upon these lots was so excessive it must be held to be constructively fraudulent. We held in *Grays Harbor Construction Co. v. Grays Harbor County,* 99 Wash. 184, 168 Pac. 1138, that an assessment of three times the fair cash market value of property should be set aside for this reason. The same principle was announced in *Northern Pac. R. Co. v. Pierce County,* 77 Wash.

315, 137 Pac. 433, Ann. Cas. 1916E 1194, and *Spokane & Inland Empire R. Co. v. Spokane County*, 82 Wash. 24, 143 Pac. 307, and also, *First Thought Gold Mines, Ltd., v. Stevens County*, 91 Wash. 437, 157 Pac. 1080.

The showing that a minimum valuation had been placed upon all outlying platted property is a showing of something that the law does not sanction. The assessment is to be made upon the fair cash market value, and the establishment of a minimum for all property regardless of its actual value is an arbitrary assessment which cannot stand. This position is not answered by the argument that the property in question is largely speculative, for the record shows, by the condemnation jury's award and the experts' testimony, that it has a real value. The tender made by appellants of the amount of taxes, based upon a valuation of fifty per cent of the actual cash market value as found by the condemnation jury, should have been accepted, and for that reason the action of the lower court in dismissing the plaintiffs' action and entering judgment against them is reversed.

HOLCOMB, C. J., PARKER, MITCHELL, and MAIN, JJ., concur.