[No. 25961. *En Banc.* July 22, 1936.]

BELLINGHAM DEVELOPMENT COMPANY, *Respondent,* v.
WHATCOM COUNTY *et al., Appellants.*[1]

*H. W. Covalt* and *Frank W. Radley,* for appellants.
*Abrams & McCush,* for respondent.

MITCHELL, J.—This action was brought to recover
alleged excessive amount of taxes paid under protest
on real property in Bellingham on the assessment for
1933. The basis of the action is constructive fraud,
in that the property was greatly over-valued; that it
was excessively over-valued and assessed compared
with assessments on other properties of similar char-

[1]Reported in 59 P. (2d) 920.

acter in that vicinity; and that it was assessed upon a fundamentally wrong basis. The property, consisting of land and improvements thereon, was assessed that year in the sum of $99,650, upon which a tax was levied in the sum of $5,694.20.

On the trial, the decision was in favor of the plaintiff upon all of its allegations and claims of constructive fraud, to the extent of the excessiveness of the assessed value of the property and excess taxes paid, as alleged in the complaint. It was found that the fair, reasonable value of the property for assessment purposes should be reduced to $60,585, and that the taxes should be reduced to $3,459.40. Judgment was entered accordingly for the plaintiff. The defendants have appealed.

The assessment for 1932, by operation of law, became the assessment for 1933. Such is the statutory rule in the absence of certain exceptions, not pertinent here.

Respondent filed a former suit questioning the assessment for 1932, not seeking, however, to recover any money paid on that assessment, under protest or otherwise. That suit was voluntarily dismissed by the plaintiff prior to the payment of the taxes under protest involved in the present action, and appellants now contend that, by the bringing and dismissal of that suit, together with the fact that, prior to the bringing of the present action, the respondent entered into a written contract with the county treasurer under the provisions of statutes hereinafter more specifically described, for the payment of current taxes and delinquent taxes of several years' standing on the installment plan, the respondent should not now be permitted to maintain this action questioning the assessment and taxes for 1933.

Estoppel was not pled as a defense, but admit,

without deciding, as appellants contend, that there was some proof that presented that issue, there are two answers: (1) It is doubtful if that suit could have been successfully maintained because of the statute against restraining orders to prevent the collection of taxes and sale of property therefor, except in certain cases not important here, as that statute has been construed in *Casco Co. v. Thurston County*, 163 Wash. 666, 2 P. (2d) 677, 77 A. L. R. 622, and that, therefore, that suit has no material or pertinent relation whatever to the present case; and (2) respondent, as the evidence showed, entered into a written contract on May 31, 1934, with the county treasurer to pay current taxes, and also delinquent taxes for several years prior thereto, in installments extending over a number of years from the date of the contract, according to the provisions of chapter 53, Laws of 1933, p. 286, as amended by chapter 51, Laws Ex. Ses. 1933, p. 125, being Rem. 1935 Sup., § 11273-2a *et seq.*, which states that no person shall be entitled to the benefit of the act with respect to tax payments which are being or hereafter shall be contested, which provision made it necessary for respondent to dismiss its then pending suit prior to entering into the contract under the statute with the county treasurer for the payment of its taxes. Therefore, respondent, not being entitled to any relief from its action commenced on the 1932 tax and being compelled to dismiss it in order that it might enter into a contract with the county to pay taxes in installments, cannot be said to have accepted the assessed valuation placed upon the property in 1932 as being correct for the year 1933, nor as having waived any right to contest the tax levied upon that assessment in the year 1933.

It is further contended on behalf of the appel-

lants that, by making the contract with the county treasurer, the respondent waived all right to ever question the assessment on the property for the years 1932 and 1933. We cannot agree to that proposition. The contract was entered into under the terms of statutes for the enforcement and collection of taxes which contain no assertion of waiver against a taxpayer upon his availing himself of the terms and policy of the statutes. Nor can it be said that, by signing the contract, the *respondent bound itself not to protest the payment of taxes not delinquent,* such as those for 1933 that are here involved. It need not be said that it may be questioned if the legislature has the right to say that the courts of the state have not the power to grant relief to one who otherwise would be the victim of constructive fraud. It is enough to say that the act under which this contract was made (too long to be set out herein) does not, in our opinion, upon a careful examination of it, purport or attempt to deny or deprive the courts of that power.

Before commencing the present action, respondent paid the amount of taxes due upon the record for the year 1933, and at the same time, and as a part of the same transaction, filed and left with the county treasurer a written protest against such assessment and tax and the payment of it, sufficient to raise all questions thereon mentioned in the complaint and determined by the judgment.

The presumption, of course, is that the assessing officer has performed his duty in a proper manner, and the rule is that evidence to overcome it must be clear and convincing. *First Thought Gold Mines v. Stevens County,* 91 Wash. 437, 157 Pac. 1080, states the rule as follows:

"It is the established law in this state that courts

will grant relief from a grossly inequitable and palpably excessive over-valuation of real property for taxation as constructively fraudulent, even though the assessing officers may have proceeded in good faith, and this without regard to the action of the board of equalization. *Whatcom County v. Fairhaven Land Co.*, 7 Wash. 101, 34 Pac. 563; *Benn v. Chehalis County*, 11 Wash. 134, 39 Pac. 365; *Knapp v. King County*, 17 Wash. 567, 50 Pac. 480; *Miller v. Pierce County*, 28 Wash. 110, 68 Pac. 358; *Henderson v. Pierce County*, 37 Wash. 201, 79 Pac. 617; *Dickson v. Kittitas County*, 42 Wash. 429, 84 Pac. 855; *Case v. San Juan County*, 59 Wash. 222, 109 Pac. 809; *Metropolitan Bldg. Co. v. King County*, 62 Wash. 409, 113 Pac. 1114, Ann. Cas. 1912 C. 943; *Northern Pac. R. Co. v. Pierce County*, 77 Wash. 315, 137 Pac. 433. Each case of this character must of necessity rest upon its own facts.''

Later cases to the same effect are *Bestman v. Snohomish County*, 169 Wash. 244, 13 P. (2d) 503, and cases therein cited.

There is no fixed rule as to the disparity required between the assessed value and the value found by the court to establish constructive fraud.

The testimony in the present case was more or less conflicting, the witnesses testifying in person in open court. To discuss the evidence by substantially setting it out, attempting to demonstrate the correctness of the trial court's findings and judgment, would be of no value. We think it sufficient to say in this respect that, upon consideration of all the evidence, we find that it clearly sustains the findings and judgment of the trial court that the assessment made by the county assessor is excessive to the extent of being constructively fraudulent.

Judgment affirmed.

MAIN, HOLCOMB, BEALS, GERAGHTY, and STEINERT, JJ., concur.

Tolman, J. (dissenting)—As stated by the majority: "The assessment for 1932, by operation of law, became the assessment for 1933."

That being true both in law and in fact, it necessarily follows that, if the assessment was valid and free from fraud in 1932, it continued and (barring some unusual event resulting in the destruction of the property assessed) would be and was likewise a valid assessment, free from fraud, in 1933.

The respondent knew the facts when it filed its former suit attacking the 1932 assessment. When it dismissed that suit and contracted to pay the tax based upon the 1932 assessment, it waived any and all possible fraud and ratified and accepted the assessment. Having once waived the fraud for its own advantage, respondent cannot now reassert that fraud for any purpose.

I therefore dissent.

Millard, C. J., and Blake, J., concur with Tolman, J.