[No. 26633. Department One. September 7, 1937.]

AUGUSTA SWANSON, *as Executrix and Individually, Respondent,* v. SNOHOMISH COUNTY, *Appellant.*[1]

*A. W. Swanson, G. W. Louttit,* and *F. A. Clanton,* for appellant.

*John B. Fogarty,* for respondents.

MAIN, J.—This action was brought to recover back excessive taxes upon real estate for the years 1934 and 1935, which were paid under protest.

[1]Reported in 71 P. (2d) 170.

Upon the trial, it appeared that the statute of limitation as to the time of beginning such an action had run as against the taxes for the year 1934. The trial proceeded, however, with reference to the taxes for 1935. At the conclusion of the trial, the court made findings of fact sustaining the contention that the assessment of the property had been excessive and allowed the plaintiff a recovery. From the judgment entered against the defendant, Snohomish county, in the sum of $459.20, with interest, the county appeals.

In August, 1934, the respondents, C. A. Swanson and Augusta Swanson, his wife, purchased two lots in the city of Everett which had been improved with a substantial building. The property was assessed for the year 1934 at the sum of seventeen thousand dollars, which was fifty per cent of the fair market value of the property, in the opinion of the assessing officers; in other words, the assessing officers were of the view that the property was worth thirty-four thousand dollars.

Rem. Rev. Stat., § 11112 [P. C. § 6882-8], provides that all real property in this state subject to taxation shall be listed and assessed in every even-numbered year, with reference to its value, "on the first day of March of the year in which it is assessed. . . ." The value in the odd-numbered years is the same as that placed upon the property for the even-numbered years.

Although, as above stated, it appeared upon the trial that the statute of limitation (Rem. Rev. Stat., § 11315-6 [P. C. § 6882-194]) had run against recovering for the taxes of 1934, it does not follow that the respondents did not have a right to contest the amount of the taxes for the year 1935 on the ground that it was excessive. *Bellingham Dev. Co. v. Whatcom County,* 187 Wash. 15, 59 P. (2d) 920.

There was no judgment in this case finding against the excessiveness of the taxes for the year 1934, as there was in *Northern Pac. R. Co. v. Pierce County,* 127 Wash. 369, 220 Pac. 826, where it was held that an assessment in an odd-numbered year could not be attacked as excessive after it had been judicially determined that the assessment for the previous year was correct.

The principal question in this case is whether the valuation placed upon the property by the assessing officers was excessive. There is a presumption in favor of the assessment, and the burden of proof rests upon the property owner to show by clear and convincing evidence that the land was assessed at such an excessive valuation as to amount to constructive fraud. *Northwestern Imp. Co. v. Pierce County,* 97 Wash. 528, 167 Pac. 33; *Northwestern & Pacific Hypotheekbank v. Adams County,* 174 Wash. 447, 24 P. (2d) 1086.

Upon the trial, each of the parties called a number of witnesses in support of their respective contentions. The evidence was sharply in conflict. The testimony of the respondents' witnesses would support a finding that the property was worth the sum of twenty thousand dollars and had an assessment value of ten thousand dollars. The witnesses called by the appellant placed the value substantially in amounts above that fixed by the assessing officers. After hearing the testimony of the witnesses and having had an opportunity to form an opinion as to the value of their respective judgments and their candor, the trial court found that the value of the property was twenty thousand dollars, which would give an assessed value of ten thousand dollars.

To discuss the evidence in detail or to substantially set it out in an attempt to demonstrate the correctness of the trial court's finding and judgment, would be of

no value. It is sufficient to say that, after reading and considering all of the evidence, we are of the view that the record presented does not authorize this court to overturn the judgment of the trial court.

Subsequent to the trial, C. A. Swanson died, and Augusta Swanson, as executrix of his last will and testament, has been substituted as a party respondent for the deceased.

The judgment will be affirmed.

STEINERT, C. J., MILLARD, and GERAGHTY, JJ., concur.

BLAKE, J. (dissenting)—The court is not warranted in disturbing assessed values unless they are so exorbitant as to indicate arbitrary or capricious action on the part of the assessor so great as to amount to constructive fraud. In *Templeton v. Pierce County*, 25 Wash. 377, 65 Pac. 553, this court said:

"The mere overvaluation of property by the assessor, if he acts in good faith, and in the honest exercise of his judgment, furnishes no ground for relief in equity. For excessive assessments, unless fraud is established by the proof, or may be presumed from the circumstances, equity furnishes no relief, and the remedy must be such as the statute has given. . . .

"Fraud on the part of the assessing officer may be presumed from a palpably excessive or exorbitant overvaluation. The court will grant relief for an arbitrary, fraudulent, or malicious excessive valuation by the assessing officer. Where the assessing officer has exercised an honest judgment, and no fraud or arbitrary or capricious action in making the assessment is shown or can be presumed, the court will not interfere. *Where it appears that the assessing officer endeavored honestly to get at the true value, and there is an honest difference of opinion as to the value, the judgment of the officer is conclusive. If property, even if overvalued, is assessed in the same proportion as other like property within the jurisdiction of the assessing officer, and the system of valuation adopted operates equally on all other property, the constitu-*

*tional provision as to uniformity of taxation is complied with."* (Italics mine.)

It seems to me that the evidence in this case, at most, exhibits only "an honest difference of opinion as to the value." Certainly, there is nothing in the record to indicate that the assessor did not exercise "an honest judgment." And the record positively shows that the property was "assessed in the same proportion as other like property within the jurisdiction of the assessing officer." Lot 14, assessed at $6,300, is located on an alley. Lot 13, immediately across the alley, is assessed at $7,000, and lot 12, adjacent to lot 13, is assessed at $6,400, while lot 15 (belonging to plaintiff), adjacent to lot 14, is assessed at $5,700. The lots directly across the street are assessed in the same amounts as plaintiff's, while the lots across the street and on the other side of the alley are assessed at $7,980 and $7,200, respectively.

One of the plaintiff's own witnesses admitted that it would cost $18,000 to reproduce the building which was upon the lots of plaintiff.

It seems to me that the court has simply substituted its judgment of value for that of the assessor—and this upon conflicting opinion evidence alone.

Furthermore, I think that, under the rule of *Templeton v. Pierce County, supra,* the findings are not sufficient to support the judgment. There is no finding to the effect that the valuation is so "palpably excessive or exorbitant" as to warrant the presumption of fraud "on the part of the assessing officer." There is no finding that he did not exercise "an honest judgment," or that his action was "arbitrary or capricious."

I dissent.