EULOGIO, JOSEFINA, ALFONSO, LUZ MARÍA, ANTONIO, LUCÍA MERCEDES AND RAFAEL ANGEL RIERA BENGOECHEA, the latter assisted by his mother JOSEFINA B. WIDOW OF RIERA, Plaintiffs and Appellants, v. RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 8288. Argued May 22, 1941.—Decided May 28, 1941.

Riera & Aponte, for appellants. George A. Malcolm, Attorney General, and M. Rodríguez Ramos, Assistant Attorney General, for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Plaintiffs, who are the owners of a lot of 2,146.90 square meters, situated in the Ward of Puerta de Tierra, in San Juan, claim the return of $656.65 paid under protest for taxes levied on the said lot for the fiscal year 1938–39 and the first semester of 1939–40, alleging in brief: that since the year 1928 up to the fiscal year 1937–38 said lot was assessed by the Treasurer at $2.50 per square meter; that this is the just and reasonable value that should be given to said property; that on July 28, 1938, the Treasurer notified the plaintiffs about a new assessment for the year 1938–39, at $12 per square meter; that the plaintiffs took an administrative appeal to the Board of Review and Equalization, which lowered the assessment to the rate of $10 per square meter and refused to reconsider its decision; that the value of $21,470 given to the property in question does not represent the true and reasonable market value of the real property and that the new assessment is excessive, unjust, oppressive, erroneous and illegal; and, finally, that the conditions of the property have not varied since the fiscal year 1937–38, and that its actual value is the same as its assessed value for that year, that is, $5,368.

The defendant in his answer denied that the assessment was unjust or excessive, and as new matter alleged; (a) that the lot of the plaintiffs is the remainder of another of 2,864.48 square meters, which the plaintiffs acquired by exchange from The People of Puerto Rico, at a value of $28,700, that is, at the rate of more than $10 per square meter; (b) that the assessment of the lot for the year 1927–28 at $2.50 per square meter does not represent the value of the land for the year 1938–39, because in the year 1927 said lands were at a lower level than the road and there drained all the surrounding lots, the Fernández Juncos Avenue not having yet been finished, and that the assessment was reviewed, the value of the lands being increased because the avenue was finished and the lands filled by The People of Puerto Rico

to the level of the new avenue; (c) that on July 14, 1939, The People of Puerto Rico sold to Pedro A. Pizá a lot almost next to that of the plaintiffs, although not as well located, at the rate of $12.50 per square meter; (d) that the plaintiffs have no right to recover any amount for the year 1939–40, inasmuch as they did not request the reassessment of the property until that year, nor was any reassessment made, and neither did they resort to the Board of Review and Equalization for that year's assessment.

The case was heard and the District Court of San Juan rendered judgment dismissing the complaint and taxing the costs on the plaintiffs who, feeling aggrieved, took this appeal, in which they allege that the lower court erred in appraising the evidence and that the judgment is contrary to the evidence and the law.

 Let us examine the evidence. That for the plaintiffs consisted in the testimony of two witnesses and in the presentment of the documents necessary to prove that the payment was made under protest.

Antonio Riera, one of the plaintiffs, testified as to the steps taken by him in order to obtain a reduction on the assessment; that the plaintiffs sold land next to the lot in controversy, to The People of Puerto Rico, for $3.50 a square meter; that the plaintiffs advertised the lots for sale and nobody was interested in buying them, notwithstanding that they kept the advertisement for more than a year; that said land has been reclaimed from the sea; that it is swampy and nothing can be constructed on them without sinking pilings which increases the cost of the construction; that the filling alleged to be an improvement was made with garbage, which is a hindrance for the excavations that must be made for building; that the plaintiffs are willing to sell the land for $15 per meter.

José Montilla, a civil engineer, testified as an expert appraiser. He said that taking in consideration that to build on the lot it would be necessary to spend much money

in foundations on pilings, he estimates that a value of five to six dollars per meter would be reasonable; that in that part of the Fernández Juncos Avenue there are lots which are worth more; that in all land reclaimed from the sea, pilings have to be sunk.

The defendant presented as his only witness Mr. Vicente A. Texera, property assessor for the Insular Government, who testified: that it was he who assessed the land of the Riera Succession in 1937, and that in order to do so he took into consideration the situation of the land, the access to the ways of communication, the topography of the land and the importance of the place where the property is located; that he gave it a value of $12 a meter although he considered that its market value should not be less than $15, but considering the assessment of the other land reclaimed from the sea, he appraised it at $12 per meter; that a general assessment was made of all the land in that demarcation of the New Road (Carretera Nueva), at the rate of $10 per meter, excepting the corners which were assessed at $12 per square meter; that the lot of Riera, even though it is a corner lot, was assessed at the rate of $10 per meter; that all the land up to the Yacht Club has been assessed at this rate; that Riera's land is better than the other lots which extend up to the said club, because they have access to the water front, and the dredged channel where the boats dock; that the Smallwood's land which is similar to that of Riera is assessed at $10 and $12 per square meter and sold at $15 and $18 per square meter; that the land of Pizá was assessed at the same time at $10 per square meter; and that all these lands are in the commercial district of San Juan.

Appellants' argument does not convince us that the judgment is contrary to the evidence. The lower court gave full credit to the testimony of the property assessor, Mr. Texera, who estimated the reasonable value of the land in question at $12 per square meter. The witness of the plaintiffs, Mr. Montilla, assessed the same land at $6 per square meter,

while the plaintiffs insisted in that the former valuation of $2.50 per square meter should be reestablished. The judgment appealed from accepted the rate fixed by the Board of Review and Equalization, of $10 per square meter, taking in consideration the fact that all the land adjoining that of the plaintiffs has been equally valued.

Our intervention would not be justified, to make arbitrarily a valuation different from that made by the Board of Review and Equalization, and approved by the lower court. As it does not appear from the evidence presented by the plaintiffs that the assessment was so high that it should be considered as oppressive and confiscatory, it is our duty to uphold it, for it is a well established principle that all assessments are presumed correct, just and reasonable, until by means of clear and convincing evidence the contrary is shown. See: *Wanson* v. *Snohomish County,* 71 P. (2d) 170; *Washington Union Coal Co.* v. *Thurston County,* 2 A.L.R. 1546; Cooley on Taxation, 4th ed., Vol. 3, Chapter 18, Sec. 1199, page 2401; and *Viera* v. *Domenech, Treas.,* 53 P.R.R. 310.

The judgment appealed from must be affirmed.